### Rock Island Plow Company *v.* Rankin.

### Opinion delivered January 11, 1909.

1. Penalty—parol waiver.—A penalty in a written contract may be waived by the party for whose benefit it was inserted, and the facts in regard to its waiver may be proved by parol as well as written evidence. (Page 28.)

2. Instructions—exceptions.—Alleged errors in the giving of instructions will not be considered on appeal if no exceptions were saved thereto. (Page 29.)

3. Trial—directing verdict.—It was not error to direct a verdict upon an issue as to which the evidence is uncontradicted. (Page 29.)

4. Instructions—should not be abstract.—It was not error to refuse to give an instruction not based upon evidence. (Page 30.)

5. Contracts—construction.—It is the duty of the court to declare the effect of a violation of the provisions of a contract. (Page 30.)

6. Instructions—insufficiency of general exceptions.—Instead of objecting generally to an instruction that is defective in form merely, the court's attention should be called to the defect, and a specific instruction, correcting it, be asked. (Page 31.)

7. Same—construction.—The instructions in a case should be considered as a whole. (Page 31.)

Appeal from Pope Circuit Court; *J. Hugh Basham,* Judge; affirmed.

#### STATEMENT BY THE COURT.

On the 23d day of May, 1906, Rankin Bros. & Winn, a firm composed of J. A. Rankin, J. L. Rankin and M. L. Winn, brought suit in a justice of the peace court in Illinois Township in Pope County, Arkansas, alleging that the Rock Island Plow Company was indebted to them in the sum of $219.97 for goods sold to it. The plow company was a foreign corporation, and a garnish-

ment was issued against H. A. Clifton & Son, who were alleged to be indebted to the plow company.

The plow company answered, denying any indebtedness to the plaintiffs, and set up a counterclaim against them, praying judgment on it against the plaintiffs for the sum of $79.10.

The justice found for the plaintiffs for the full amount of their claim; and also found that Clifton & Son, garnishees, were indebted to the plow company in an amount equal to the claim, and ordered the said garnishees to pay plaintiffs said amount.

The plow company appealed to the Pope Circuit Court, and, upon giving bond that it would perform the judgment of the court, the attachment issued against H. A. Clifton & Sons was discharged.

On a trial anew in the circuit court, the following testimony was introduced, as shown by the abstract of appellant.

J. A. Rankin testified: "I am one of plaintiffs, and was a member of the firm of Rankin Bros. & Winn. We did a hardware and furniture business in the city of Russellville prior to the fire, January 15, 1906. We purchased part of our hardware from Rock Island Plow Company. In summer of 1905, we made a contract for a car shipment of goods January 1, 1906. During fall or early winter of 1905, we had an offer to sell out, and countermanded our car order, but, failing to sell, we later reinstated the order. Upon our countermand of order, the company sent claim for twenty per cent. penalty to an attorney here, who presented same, but, upon our re-instatement of the car order, nothing more was said, and we supposed the matter was dropped. Our business was burned out January 15, 1906, but we were able to save $390 or $400 worth of goods carried over from last year, and which we had purchased of defendant. The car of goods had not come at time of fire, but came in a few days later, probably January 23 or 24. We were trying to get a place to continue business, when on or about January 26, Mr. J. D. Burris, the company's representative, came. Failing to get a place to continue business, we finally agreed for Mr. Burris to take the car of goods, and assisted him in selling the car to H. A. Clifton & Son, they paying the price we had agreed to pay, together with the freight, the company losing nothing upon the car.

It was agreed by Mr. Burris and ourselves that this settled the car matter. We owed the company $164 from last year, for which they held our note. Mr. Burris looked at the goods which we had saved from the fire and proposed to buy them from us and pay us first price, to which we agreed. He took the goods and gave us a receipt for them. I told him we were letting him have more than enough to cover our indebtedness to the company, and he said that he knew it, but that the company would pay the difference, so we let them go. The goods taken up amounted to $388.77. After paying our note, the company owes us $219.97. On April 27, 1906, we wrote the company to pay us this balance, when they answered making claim for the twenty per cent. penalty." On cross-examination, witness says that the amount due them from the company on the goods sold to Mr. Burris for the company was not figured up at the time because Mr. Burris was in a hurry, but it was understood by Mr. Burris that he was getting more than required to settle with the company, but that he allowed Mr. Burris to take the goods upon his promise that the company would pay the difference. Witness says that Mr. Burris waived the twenty per cent. clause in this settlement, and denies that Mr. Burris took the goods in full settlement of all difference between them and the company. Denies that his firm refused to receive the car of goods from the railroad company, but admits that he may have told the agent, Mr. Smallwood, that they could not receive them just then. Witness does not know of any statements made by his partner, M. L. Winn, to the railroad agent.

J. D. Burris testified: "I was general manager of the Memphis Branch of the Rock Island Plow Company in January, 1906. The State of Arkansas was in my territory. One of our travelers sold a car of goods to Rankin Bros. & Winn during the summer of 1905 for shipment January 1, 1906. I received notice of the fire and proceeded to Russellville by first train. Finding the car on the sidetrack, I began to devise means by which I could without trouble recover the goods. One of the members of the firm seemed stubborn and wanted to hold the car, but the other member was not only willing to let me have the car, but permitted me to take up some old goods carried over from the previous year, and in that way reduce not only their obligation for the car

shipment, but make, practically, with the exception of something like $25, complete settlement of their entire obligation to the company. I took possession of the car and sold its contents to other merchants in and around Russellville. I can not remember whether I went to Russellville at request of Rankin Bros. & Winn or not. I went there to protect the company's interest. In my settlement all claims, as far as the car shipment was concerned, were waived. The twenty per cent. clause was not considered. My understanding was that our settlement closed the matters between Rankin Bros. & Winn and the company, so far as the car shipment was concerned. I took up some old goods to settle a balance from the past year's business, stating at the time that this would not quite off-set the claim, and I roughly estimated that there was still due the company a balance of $25 or $35, but I did not consider that the company would ever get this, as the firm of Rankin Bros. & Winn had been practically put out of business by the fire, and I advised the home office to charge this balance up to profit and loss." On cross-examination, witness says that the goods were taken up in payment of indebtedness of Rankin Bros. & Winn to the company. That there was no agreement made by witness that the company was to pay any balance to Rankin Bros. & Winn. The goods taken up by witness were not in a marketable condition, and practically had to be returned to the factory to be overhauled. That witness left with the understanding that this was a complete settlement between Rankin Bros. & Winn and the company, with the exception of a balance of about $25 still due the company above mentioned. That witness rendered the company a complete statement of the expense of this trip, but does not remember the exact amount.

Other evidence was adduced at the trial, but it was merely corroborative of the testimony of these two witnesses.

There was a jury trial and verdict for the plaintiffs. The defendant has duly prosecuted an appeal to this court.

*James A. McCracken,* for appellant.

When the parties to a contract reduce their meaning to writing, they can not adduce evidence to contradict it. Clark on Contracts, 388. In the absence of a consideration, the promise to forego the right to demand performance of a contract would

be *nudum pactum* and void. Clark on Contracts, 418. Where there is error, prejudice is presumed, unless it affirmatively appears that no injury resulted. 67 Ark. 604; 69 *Id.* 136; 80 *Id.* 457. If the court can see that by such a provision in a contract the parties intended to assess the damages at which they rated the non-performance, they will enforce it. Clark on Contracts, 411. If parol authority is sufficient, ratification may be by parol. Clark on Contracts, 506. But where the contract is in writing, a release can be made only under seal or upon a consideration. Clark on Contracts, 418. The settlement made between the parties was in effect an account stated between them, and can not be reopened, except for fraud or mistake. 80 Ark. 472.

*Brooks, Hays & Martin,* for appellee.

Since appellant failed to prepare and offer a proper instruction, he can not complain. 74 Ark. 444.

HART, J., (after stating the facts.) Counsel for appellant insist that the court erred in refusing to give the following instruction: "The contract between plaintiffs and defendant, containing, among other things, a clause providing for the payment by the plaintiffs to the defendant of a twenty per cent. penalty as liquidated damages in case of the refusal or failure of plaintiffs to carry out said contract, and said contract being in writing, in order for plaintiffs to avail themselves of any release from the provisions of said twenty per cent. penalty clause, they must show either that J. D. Burris, the agent of the defendant, had written authority from the defendant to make such release, or that such release, so claimed to have been made by the said J. D. Burris, was afterward ratified in writing by the defendant."

The alleged error, they say, consists in the action of the court in permitting appellees to introduce oral testimony of a waiver by appellant of the twenty per cent. clause of the contract; that, the contract being in writing, the waiver or release must be evidenced by an instrument in writing. No objection to the introduction of the parol testimony to establish the waiver was made at the trial of the case in the court below. Besides, the testimony was competent.

A waiver of a warranty in a policy of insurance may be proved by parol evidence. *Sprott* v. *N. O. Ins. Ass'n,* 53 Ark.

215; *Ins. Co.* v. *Brodie,* 52 Ark. 11. The reason for the rule is that the forfeiture clause is for the benefit of the insurance company, and the waiver is not repugnant to the written agreement, because it is only the exercise of an option which the agreement left in it. So in the present case the penalty clause was for the benefit of appellant, and was enforcible at its option, and the facts in regard to its waiver thereof were provable by parol as well as by written evidence.

Counsel for appellant also predicates error in the action of the court in giving instructions numbers one and two to the jury. No exceptions were saved to the giving of these instructions, and under the rules of the court they can not now be considered.

Counsel for appellants also complain of the action of the court in giving instruction number three as follows: "You are instructed that, upon the item of claim made by defendant for freight paid on goods bought of plaintiffs, there is no proof to sustain the same, and in making up your verdict you will not take this item into consideration." J. A. Clifton testified that after the fire appellees and J. D. Burris came to him and sold to him the car of implements which Rankin Bros. & Winn, appellees, had bought. That he paid the price they were to pay and all freight, and that the company lost nothing on the car. His testimony was uncontradicted, and was all the testimony on that phase of the case. Hence there was no error in giving the instruction.

The record shows that the case was submitted to the jury under proper instructions of the court, and their finding upon the disputed questions of fact is binding upon us.

Finding no prejudicial error in the record, the judgment is affirmed.

ON REHEARING.

Opinion delivered February 1, 1909.

HART, J. Counsel for appellant urges that the court erred in holding that a release of the twenty per cent. claimed as damages for the forfeiture of the contract could be shown by parol evidence. In addition to the authorities cited in our original opinion, this court, in the case of *Burlington Ins. Co.* v. *Lowery,* 61 Ark. 108, in discussing the waiver of a forfeiture in a con-

tract of insurance, held that "proof of loss under a fire policy may be waived by parol, though the policy requires a waiver to be in writing." See also *St. Louis Southwestern R. Co.* v. *Grayson, post* p. 154; *American Fire Ins. Co.* v. *Dannehower, post* p. 111. The twenty per cent. damage clause was inserted in the contract for the benefit of appellant, and may be waived or released by it at its option. It is a well settled general rule that such waiver or release may be shown by parol evidence.

Counsel for appellant calls our attention to the fact that we failed to pass upon two instructions, for the reason that no exceptions were saved to them at the trial.

The numbers of the instructions as given by the trial court and as they appear in the record were different, and on account of this transposition of the numbers we made the mistake. One of them is instruction number two, which reads as follows:

"You are instructed that upon the item of expenses claimed by defendant for trip of their agent to the city of Russellville, amounting to $65.15, the proof does not sustain the same, and in making up your verdict you will not take the same into consideration."

There was no error in refusing this instruction because there was no evidence upon which to base it.

Instruction number one reads as follows: "In this case the defendant makes claim of plaintiffs for the sum of twenty per cent. claimed upon a forfeiture of a contract of the sale of goods by defendant to plaintiffs, and upon that question the court instructs you that if you find from the testimony that the plaintiffs did so refuse to receive or accept said car of goods, and that thereby the defendant is entitled to receive said twenty per cent. as damages, then upon this item your verdict will be for the defendant; but if you find that said car of implements when shipped reached the city of Russellville when plaintiffs had been burned out and had no place to unload such car, and that they, with the agent of defendant, arranged for other parties to take said car without damage to defendant, and that such arrangement was agreeable to and accepted by defendant, then your verdict will be for the plaintiff on this item."

Counsel correctly says that it is the duty of the court to declare as a matter of law the effect of a violation of the provisions

of a contract. He insists that the statement, "and that thereby the defendant is entitled to recover said twenty per cent. as damages," coming from the court as it did in the instruction, was likely to mislead the jury. This is an objection to the phraseology of the instruction that should have been specifically made at the trial. He should have pointed out the defect in form and asked a specific instruction correcting it, instead of contenting himself with a general objection. The instructions should be considered as a whole, and, when so considered, we think the meaning of the court was clear. *St. Louis, I. M. & S. Ry. Co.* v. *Hardie,* 87 Ark. 475; *St. Louis S. W. Ry. Co.* v. *Leder,* 87 Ark. 298. We do not think that the jury was misled by it. Other imstructions were given which made it clear that the court meant to tell the jury that if they found the appellees refused to accept the car of goods the appellant was entitled to recover the twenty per cent. as damages.

Counsel also contends that the instruction is objectionable for the reason that the court assumes facts which there is no evidence tending to prove. We do not think so. The statement of facts upon which the instruction was predicated was testified to by Rankin, one of the appellees.

The motion for rehearing is denied.