## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* DUNN.

### Opinion delivered April 4, 1910.

1. CARRIERS—LIVESTOCK—NOTICE OF DAMAGE.—A contract for the carriage of livestock which stipulates that the notice of any claim of damages to the stock shall be given at an intermediate station distant from the destination of the stock is unreasonable within Acts 1907, c. 239, § 3, and should be so declared by the court as a matter of law. (Page 413.)

2. INSTRUCTION—SPECIFIC OBJECTION.—A mere ambiguity in an instruction should be reached by a specific and not a general objection. (Page 413.)

3. SAME—WHEN HARMLESS.—An instruction, in an action for injuries to live stock *en route,* that if the jury found from the evidence that defendant's agents at Coffeyville *or elsewhere* negligently injured the live stock they should find for plaintiffs was not prejudicial; though the injuries were alleged to have occurred at Coffeyville, if there was no evidence tending to prove that negligence was committed elsewhere. (Page 413.)

4. CARRIERS—INTERSTATE COMMERCE—LIMITATION OF LIABILITY.—A con-
tract for an interstate shipment which limits the liability of the
carrier to a certain maximum sum in case of loss is void. (Page 414.)

Appeal from Ouachita Circuit Court; *George W. Hays,*
Judge; affirmed.

### STATEMENT BY THE COURT.

H. B. Dunn and Bob Stewart, partners under the name of
Dunn & Stewart, brought a suit against the St. Louis, Iron
Mountain & Southern Railway Company for injuries to eight
(8) horses which were contained in a carload shipped from
Kansas City, Missouri, to Pine Bluff, Arkansas.

It was alleged that the horses were shipped under a con-
tract by which appellant contracted to deliver the horses at
Pine Bluff, Arkansas, to be carried thence to Hampton, Ark-
ansas. That appellant negligently and carelessly "hitched the
carload of horses to a switch engine, at Coffeyville, Kansas, and
ran same back and forth in making up the train for a period
of two hours or longer, that during that time appellee's horses
were knocked down by the striking of the cars against each
other, that the horses tramped upon and bruised each other, and
by this negligent handling of the horses they were injured and
appellees damaged in the sum of $255.

Appellant, answering, denied all the material allegations
of the complaint, and set up that the shipment of horses and
stock mentioned in the complaint from Kansas City Stock Yards,
Kansas City, Missouri, if a shipment was made at all, was by,
through and under a written contract, by the terms of which
on account of reduced rates appellees assumed certain risks in
said written shipper's contract mentioned and specified, and
agreed therein to give notice to some agent of the company
within one day after said stock had arrived at the destination,
which appellees failed entirely to do, and failed entirely to
comply with any of the conditions in said contract contained on
account of said reduced rates and assumed risks.

The appellees replied to the answer of appellant setting
up waiver.

The contract under which the horses were shipped among
other things provided:

"That, for the considerations and the mutual covenants and conditions herein contained, the said first party will transport for the said second party the live stock described' below, and the parties in charge thereof, as hereinafter provided, viz: One (1) car, said to contain twenty-seven (27) head of horses, consigned to Dunn & Stewart, Pine Bluff, Arkansas, from Kansas City station to destination, if on this railway or its leased or operated lines, and there delivered to consignee or to the proper junction, if the destination is on another road, and there delivered to a connecting common carrier, care R. I. at the rate of * * * per f. o. b., subject to minimum weights and lengths of cars provided for in tariff, said rate being less than the rate charged for shipments transported at carrier's risk, for which reduced rate and other considerations it is mutually agreed between the parties hereto as follows:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

"Fifth. That as a condition precedent to the recovery of any damages for any loss or injury to live stock covered by this contract for any cause, including delays, the second party will give notice in writing of the claim therefor to some general officer, or to the nearest station agent of the first party, or to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of the stock at destination, to the end that such claim may be fully and fairly investigated; and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims, and to any suit or action brought thereon."

There was testimony which tended to prove that the horses of appellees were injured through the negligence of appellant at Coffeyville, Kansas, in the manner alleged in the complaint, and that appellees were damaged thereby in a sum that warranted the amount of the verdict returned by the jury. There was testimony tending to prove that the carload of horses was waybilled to Hampton, Arkansas. The freight was paid at Hampton, Arkansas, for the shipment from Kansas City, Missouri. Although the written contract specified "1 car said to

contain 27 head of horses consigned to Dunn and Stewart, Pine Bluff, Arkansas," the testimony showed that this was a mistake, and that the car was really consigned to Dunn & Stewart at Hampton, Arkansas. The train book of the freight conductor who handled the train on which this carload of horses was shipped shows as follows: "Missouri Pacific 5324, 27 horses, Harrell, Arkansas, *via* Cotton Belt at Pine Bluff, loaded 6 A. M. 9-24 at 829, that is Argenta. Dunn & Stewart, Harrell, Arkansas." This car No. 5324 was transported September 24, 1908, and appellee Stewart testified that he received a car that day, and that was the only car of horses he received from Kansas City, that Hampton was the only place to which the car was consigned.

The testimony of one of the appellees who made the contract of shipment with appellant shows that the horses were billed through to Hampton, Arkansas. It is clear that "Harrell," Arkansas, as shown by the train record *supra*, really meant Hampton, Arkansas. The witness says: "They won't give you a contract further than their road, but they will bill me clean on in. The billing went on, you know, but the contract stopped at Pine Bluff, and then I had to get a new contract at Pine Bluff with the Cotton Belt." This witness was asked and answered questions as follows:

"Q. They did actually contract with you, though, to carry them to Hampton and take your money for it? A. Yes. Q. You paid the freight at Hampton, didn't you? A. Yes. Q. You didn't pay the people in Kansas City any money at all, did you? A. No, not for freight. Q. You paid it at Hampton when you got down there? A. Yes. Q. By the Court: Did you pay the freight from Kansas City to Pine Bluff at Pine Bluff? A. No, sir; I paid it at Hampton."

At the request of appellees the court granted the following prayers:

"1. You are instructed that if you find from the evidence that Thornton & Alexander Railroad was the delivering line of said stock at their final destination at Hampton, and that the plaintiffs notified the agent of said delivering line at Hampton within one day after the arrival of said stock at Hampton of their intention to claim damages for the injuries herein com-

plained of, that was a compliance with clause 5 of the contract of shipment, and you will find for the plaintiffs.

"2.   You are instructed that if you believe from the evidence in this case that the defendant, St. Louis, Iron Mountain & Southern Railway Company, received of the plaintiffs, Dunn & Stewart, a carload of horses, the property of plaintiffs, at Kansas City, Missouri, in good condition, and contracted to deliver said horses at Pine Bluff, Arkansas, then it was their duty to use reasonable care not to injure said stock; and if you find from the evidence that the agent or agents of the defendant, while at Coffeyville, Kansas, or elsewhere on the route from Kansas City, Missouri, to Pine Bluff, Arkansas, did carelessly and negligently, while in charge of said car loaded with plaintiffs' horses, hitch same to a switch engine and run them back and forth in making up trains for a period of two hours, or any other length of time, unnecessarily, and that plaintiffs' horses were damaged by such careless and negligent handling, then you will find for the plaintiffs.

"3.   You are instructed that if you find from the evidence that plaintiffs' horses were negligently damaged by the defendant as charged in the complaint, then, in arriving at the amount of damages to which they are entitled, you must consider the difference in the market value of the stock at their destination or place of delivery, if they had been delivered in an uninjured condition, and their market value as delivered in their injured or damaged condition, *i. e.*, the difference in the market value of the stock at the place of delivery uninjured and the market value in their injured or damaged condition is the measure of the damages to which plaintiffs are entitled to recover, if they are entitled to recover anything."

A general objection was made to the ruling of the court in giving each of the above prayers, and exceptions were duly saved.

The jury returned a verdict in favor of appellees for $200, and from a judgment entered against appellant for that sum this appeal is duly prosecuted.

*W. E. Hemingway, E. B. Kinsworthy, E. A. Bolton* and *James H. Stevenson,* for appellant.

If an erroneous instruction covers the entire case, it does not matter that other *correct* instructions were given.  45 Ill. App. 447; 1 Blashf. Inst. to Juries, § 104; 25 Ark. 490; 30 Ark. 362; 51 Ark. 88; 2 How. 486; 24 Ala. 651; 4 S. W. 300; 38 N. W. 213; 52 Mo. 35; 85 Mo. 96; 91 Am. D. 309; 55 Ark. 393; 57 Ark. 203.  A clause in the contract of shipment fixing the value of the property shipped at the point of shipment is valid if there is a consideration for it.  50 Ark. 397.

*Thornton & Thornton,* for appellee.

If the instructions, taken as a whole, present the law of the case, they are not erroneous.  89 Ark. 24; 87 Ark. 298; 83 Ind. 61.  Contracts are construed most strongly against the party who prepares them, and for whose benefit they are made. 90 Ark. 88; 73 Ind. 338; 74 Ark. 41; 90 Ark. 256.  There was a waiver of notice.  89 Ark. 24; *Id.* 154; *Id.* 111.  A general objection to an instruction is not sufficient.  87 Ark. 475; *Id.* 298.

WOOD, J., (after stating the facts).  There was evidence to warrant a finding by the jury that the destination of the shipment was Hampton, Arkansas, on the Thornton & Alexandria Railroad as the delivering line.  That being true, the notice given to the agent at Hampton in accordance with the provisions of the contract was sufficient.  If, however, the agent at Pine Bluff was the "agent at destination," so far as appellant is concerned, then the provisions requiring written notification to be served within one day, etc., is unreasonable and void.  The purpose of giving such notice as expressed in the provision is: "To the end that such claim may be fully and fairly investigated" by an examination of the stock before same are removed from the point of shipment or place of destination, and "before such stock is mingled with other stock."  Now, appellant had notice that the ultimate destination of the stock on that shipment was Hampton, Arkansas.  It billed the stock through to Hampton.  Knowing this, it was unreasonable to require appellee, as a condition precedent to recovery, to give notice to the agent at Pine Bluff.  The horses were not unloaded from the car at Pine Bluff.  They could not be mingled with other stock there.  The appellees had no opportunity to ascertain the full extent of the injury to their horses until they were unloaded at their final destination.

The provision as to notice must be reasonable or it is void. The evidence is undisputed that the horses were billed through to Hampton by appellant. If the contract required the notice to be given the agent at Pine Bluff, we are of the opinion that the notice was unreasonable, and there was no issue therefore to be submitted to the jury. See act of April 30, 1907, p. 558, § 3. The court should have so declared it, in this view of the contract, as matter of law.

There was no prejudicial error in any of the instructions on the question of notice. They were more favorable to appellant than the undisputed evidence warranted.

While the instructions under consideration told the jury to "find for the plaintiff" if they found that notice was given, etc., it is evident, when all the other instructions are considered, that the court meant to tell the jury by the first instruction that they would find for the plaintiff on the issue raised by that instruction if they found certain facts, etc. The court did not mean to tell the jury to find generally for the plaintiff on all issues of fact presented if they found in favor of plaintiff on the proposition of notice. If appellant conceived such to be the meaning of the instruction, in fairness to the court specific objection should have been made to it on this ground. *St. Louis, I. M. & S. Ry. Co. v. Rogers,* 93 Ark. 564; *St. Louis, I. M. & S. Ry. Co. v. Carter,* 93 Ark. 589; *Rock Island Plow Co. v. Rankin,* 89 Ark. 24; *Arkansas Midland Rd. Co. v. Rambo,* 90 Ark. 108.

There was no error in the giving of instruction number 2 at appellee's request. True, the instruction was abstract on the question of appellant's negligence elsewhere than at Coffeyville, Kansas. There was no evidence of negligence elsewhere than at Coffeyville. But, as the jury were required to base their finding of negligence on the evidence, we do not see that they could have found that appellant was negligent elsewhere than at Coffeyville, and appellant is therefore not prejudiced by the prayer.

There was evidence to warrant the court in submitting to the jury whether appellant was negligent at Coffeyville, Kansas, in the manner charged in the complaint. The instruction was not erroneous in that it ignored the question of notice, for the

reasons already announced in passing on instruction number one.

There was no prejudicial error in giving the third prayer of appellees. It was an interstate shipment, and the contract limiting the liability in case of loss to a certain maximum sum was void. *Chicago, R. I. & P. Ry. Co.* v. *Miles,* 92 Ark. 573; *St. Louis S. W. Ry. Co.* v. *Grayson,* 89 Ark. 154; *Kansas City S. Ry.* v. *Carl,* 91 Ark. 97.

What we have already said determines the other questions presented by appellant against its contention. There is no reversible error, and the judgment is affirmed.