## FAIRBANKS, MORSE & CO. v. NELSON.

(Circuit Court of Appeals, Ninth Circuit. October 13, 1914.)

No. 2379.

1. CONTRACTS (§ 238\*)—PAROL MODIFICATION OF WRITTEN CONTRACTS—CONSTRUCTION OF STATUTE.

Civ. Code Cal. § 1698, which provides that "a contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise," does not prevent a valid waiver by parol of a provision of a written contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1117, 1123; Dec. Dig. § 238.\*]

2. CONTRACTS (§ 316\*)—WAIVER OF BREACH.

A written contract may be waived in whole or in part, either directly or inferentially, and the waiver may be proved by express declarations

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date & Rep'r Indexes

manifesting the intent not to claim the advantage, or by so neglecting and failing to act as to induce the belief that it was the intention to waive.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1382–1387, 1395, 1398–1400, 1480–1491; Dec. Dig. § 316.*]

3. EVIDENCE (§ 450*)—PAROL EVIDENCE.

In an action for the price of a tractor engine, a provision of the contract that the sale was "with the understanding that it proves adequate for your work" left such clause open to explanation by testimony as to the understanding of the parties and the purposes for which the engine was to be used.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2066–2082, 2084; Dec. Dig. § 450.*]

4. PRINCIPAL AND AGENT (§ 103*)—CONTRACT MADE BY AGENT—AUTHORITY TO WAIVE PROVISIONS.

An agent, who made the contract for the sale of an engine for his principal, must be held to have had authority to subsequently waive a provision of the written contract.

[Ed. Note.—For other cases. see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. § 103.*]

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Olin Wellborn, Judge.

Action at law by Fairbanks, Morse & Co., a corporation, against J. M. Nelson. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error was the plaintiff in the court below in an action to recover upon three several promissory notes, for $1,200 each, executed by the defendant in error in payment for a 30–60 horse power tractor engine, which was sold under a written contract. The parties will be designated herein plaintiff and defendant, as in the court below. The contract provided that: "Engine is sold with the understanding that it proves adequate for your work. For the purpose of testing out engine, we agree to furnish competent man for two days, within ten days of receipt of engine at Alessandro. This man to operate and demonstrate the engine regular working hours during his stay on your place. On or before the fifth day you agree to decide whether engine complies with your requirements or not." There was evidence that the engine was purchased for the purpose of drawing a combined harvester, as well as for plowing. On April 1, 1912, it was sent to the defendant. On April 2d the demonstration began, and it continued until 4:25 p. m. on April 3d. There was evidence that during the test difficulties arose, that the ground was wet in some places and in others it was sandy, and that the wheels of the engine sank into the ground, and at times slipped, that stone and cactus were put under the wheels, and one of the gang plows was removed, and that the representative of the plaintiff stated that these difficulties could be overcome by adjusting wide extensions to the wheels, so as to give them greater bearing on the ground, and that he would hurry home to telephone for the extensions, and that he also stated to defendant that the latter should use disc plows instead of gang plows. The extensions were furnished without charge to the defendant. Thereafter several breaks in the engine occurred, interrupting its use for long periods, until May 17th, when the extensions were put on. There was evidence that the defendant continued to operate the tractor, because he was told to go ahead and do the best he could with it. The defendant procured new disc plows as suggested, but, the same being unsatisfactory, on May 28th he telephoned to the plaintiff, asking that a man be sent out to see about it. He gave a similar notice on June 4th, and again on June 7th. On June 14th, having received no answer, the defendant wrote

and notified the plaintiff that he was ready to help load the engine on the cars "according to contract." He wrote: "Your man assured me, if I only had disc plows, the engine would go all O. K.; but for the first six weeks I was annoyed with breaks and delays. However, I could overlook this if the engine would make the time it was claimed to do without making more than 375 revolutions a minute. You know, also, that it is from two to three tons heavier than claimed to be. To do harvesting successfully, the engine must travel two miles or more an hour, so that the harvester may handle the grain."

A jury trial was waived, and the cause was tried before the court. The court found in substance that according to the contract the engine was to prove adequate for the defendant's work; that the plaintiff had not complied with the contract; that the engine did not prove adequate for the work of the defendant as understood and agreed by the parties, and as provided in the contract, and that there was a breach of the warranty contained in the contract; that the provision in the contract whereby it was provided that the defendant should, on or before the fifth day from the beginning of the operation and demonstration of the engine, decide whether the same complied with his requirements or not, was waived by the conduct and representations of the plaintiff and its authorized agents; that within a reasonable time the defendant discovered that said engine was not adequate for his work, and notified the plaintiff of that fact, and requested that a man be sent to test properly and demonstrate the engine, and, the plaintiff having failed to comply with this demand within a reasonable time, the defendant notified the plaintiff that he was ready and willing at any time to assist the plaintiff or its employés, in accordance with the terms of the contract, to place the engine on board the cars at Alessandro, and to pay the freight on the same back to Los Angeles, as specified in the agreement; that by reason of the facts found, the contract and the notes became null and void and of no effect. Judgment was thereupon entered for the defendant.

Stutsman & Stutsman, of Los Angeles, Cal., for plaintiff in error.
William Collier and Hugh H. Craig, both of Riverside, Cal., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is assigned as error that the court admitted oral evidence to alter or modify the terms of the written contract, in violation of section 1698 of the Civil Code of California. The evidence so objected to was the testimony of the defendant that during the demonstration the wheels of the tractor sank into the ground to such an extent as to prevent successful operation, and that the agent of the plaintiff, to overcome the difficulty, promised to secure and furnish certain extensions to be put on the wheels to afford them a greater surface. It is said that the purpose of this testimony was to excuse compliance by the defendant with the obligation of his written contract to accept or reject the tractor on or before the fifth day. It is a sufficient answer to this assignment of error to direct attention to the fact that no objection was made to any of the testimony so introduced. But inasmuch as an exception was taken to the finding of the court below that the plaintiff by its conduct and representations waived the right to require the defendant to make his decision on or before the fifth day from the beginning of the demonstration, and that finding is assigned as error, we may properly consider the legal sufficiency of the testimony to sustain the same.

Section 1698, Civil Code of California, provides:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

It is urged that by the evidence introduced by defendant, and the finding of the court thereon, the written contract between the parties was altered by means of parol testimony. But in our opinion the evidence and finding do not show an alteration of the contract, but only a waiver by the plaintiff of one of its provisions. That this can be done by parol is established by decisions of the Supreme Court of California. In Knarston v. Manhattan Life Ins. Co., 140 Cal. 57, 73 Pac. 740, the action was brought to recover upon a policy of life insurance which contained the usual forfeiture clause, and the defense was that the policy had been forfeited prior to the death of the assured by his failure to make payment of a semiannual premium. But it was shown that the assured secured from the officers of the company extensions of time within which to make the payment, and that before the expiration of the last extension he was killed in a railroad accident. The court held that the extensions of time might be proven by parol testimony, and that the effect of the evidence was not to vary the terms of the policy, but to show that the company had waived one of the conditions in its favor. Said the court:

"The provision of the Code, as well as the stipulation for a forfeiture in the policy, were equally matters of benefit to the company, and it is the rule that not only provisions in a contract may be waived by the party for whose benefit they are inserted, but that he may also waive statutory and even constitutional provisions, under which he may derive a benefit."

The court quoted from Broom's Legal Maxims, 547, the following:

"It is a well-settled maxim that a party may waive the benefit of any condition or provision made in his behalf, no matter in what manner it may have been made or secured."

And the court further said:

"This waiver may be established by evidence of an express waiver, or by circumstances from which said waiver may be inferred; and it may be by the managers of the company, or by a duly authorized agent."

The plaintiff attempts to distinguish the decision in that case from the case at bar upon the ground that in the Knarston Case the contract contained no obligation which required the assured to perform any specific act, whereas in the case at bar the written contract specifically required the defendant to perform an affirmative act; that is, to decide on or before the fifth day whether the engine complied with his requirements. But we find no difference in principle between the two cases. In both cases a provision of the written contract which was waived was one which was made for the benefit of the party which waived it, and it can make no difference whether that obligation was obligatory upon the other party, or whether performance was optional with him. The important fact is that the party for whose benefit the provision is made, and who has the right to exact its performance, may waive the same, and that this may be done not, by an agreement or contract between the parties, but by the act of him for whose benefit the provision has been made.

[2] In fact, the plaintiff in this case invokes the same principle of waiver; for, being under contractual obligation to make a demonstration of two days, its agent, before the completion of the second day's work, left the scene of the demonstration, and now the plaintiff justifies its agent's act in so doing by pointing to evidence which tends to show that it was assented to at the time by the defendant. The decision in the Knarston Case is in line with other decisions of the courts of California, and it is in harmony with the generally accepted rule that a written contract may be waived in part or in whole, either directly or inferentially, and the waiver may be proved by express declarations manifesting the intent not to claim the advantage, or by so neglecting and failing to act as to induce the belief that it was the intention to waive. Hilton v. Hanson, 101 Me. 21, 62 Atl. 797; Gilson v. Boston Realty Co., 82 Conn. 383, 73 Atl. 765; Rock Island Plow Co. v. Rankin, 89 Ark. 24, 115 S. W. 943; Brady v. Cassidy, 145 N. Y. 171, 39 N. E. 814; Du Planty v. Stokes, 103 Mich. 630, 61 N. W. 1015; Peabody v. Maguire, 79 Me. 586, 12 Atl. 630.

In Luitweiler Pumping Engine Co. v. Ukiah Water & Imp. Co., 16 Cal. App. 198, 116 Pac. 707, it was held that a buyer's retention of a pump and use thereof beyond the stipulated time was not a waiver of a right to rescind, where the pump was retained and used at the instance of the seller, or in order to enable the seller to remedy the defects. The court said:

"If the return of the machine, warranted to do good work, and found upon trial to be unfit for use, is delayed at the request of the manufacturer, he thereby waives the right to require prompt delivery by the purchaser on discovery of the fact that it does not do the work guaranteed."

In 30 Am. & Eng. Enc. of Law, 188, it is said:

"Stipulations in the contract of sale to the effect that a retention or use of the article sold shall constitute a waiver of any breach of warranty are valid, and are to be given effect according to their terms. But the buyer's retention and use of the article beyond the stipulated time will not operate as a waiver of the benefits of the warranty, where it was at the instance of the seller or his agent, or where it was for the purpose of giving the seller or his agent an opportunity to remedy defects."

In Sherman v. Ayers, 20 Cal. App. 733, 130 Pac. 163, the court said:

"It is contended by appellant that a clause in the contract provided that operation should constitute acceptance, and that the use by defendant for a short time of the engine was tantamount to an acceptance. It is true that such contract did provide that operation should constitute acceptance, but it certainly appears that no operation after a complete performance of the contract is shown. On the contrary, the whole of the operation, either by the employés of plaintiff's assignors, or by the defendant after they left, was in an effort to procure, if possible, information as to any existing defects, and to determine whether or not the same could be made to operate. The evidence does not disclose such an operation as, under the authorities cited, constitutes an acceptance."

The case of Jackson v. Porter Land & Water Co., 151 Cal. 32, 90 Pac. 122, cited by the plaintiff, is based upon facts which distinguish it from the case at bar. In that case the purchaser of an engine of horse power less than that for which he had contracted retained the

engine with knowledge of that fact, and used it during the entire irrigation season before raising the objection that it was not the engine contracted for. His conduct was held to be an acceptance of the engine which had been delivered to him.

The assignment that the court below erred in admitting testimony that in selling the engine the plaintiff exhibited to the defendant a circular, and in admitting the circular in evidence, cannot be considered here, for the reason that the circular is not in the record, and we are afforded no knowledge of its contents.

[3] Error is assigned to the ruling of the trial court in permitting the defendant to answer the question:

"What was the speed of that engine as it was stated to you in your negotiations?"

It is said that this was error, for the reason that all the negotiations were embodied in the written contract, and nothing was therein stipulated as to the speed of the engine. The contract did declare, however, that the engine was sold "with the understanding that it proves adequate for your work." In view of the findings of the trial court, it is impossible to see that the admission of the testimony, even if it were incompetent, could have affected the result. But, however that may be, we think the testimony was properly admitted for the purpose of explaining and justifying the action of the defendant in rescinding the contract. The undertaking of the plaintiff to sell an engine that would be adequate for defendant's work left that clause of the written contract open to explanation by testimony as to the understanding of the parties and the purposes for which the engine was to be used. This was permissible under the terms of sections 1856 and 1860 of the Code of Civil Procedure.

[4] Error is assigned to the ruling that it was admissible to prove the acts of plaintiff's agents, who visited the defendant's ranch. It is urged that such evidence should have been excluded, for the reason that there was no proof of the authority of the agents to bind the plaintiff. But the evidence indicated that the plaintiff did not disavow the acts of its agents, but ratified the same, and that it supplied without cost to the defendant the extensions to the wheels which one of the agents suggested as a remedy for the defective action of the engine. It further appears that one of those agents had acted for the plaintiff in making the sale of the engine to the defendant, and that he signed the contract for the plaintiff. In Advance Thresher Co. v. Vinckel, 84 Neb. 429, 121 N. W. 431, the court said:

"To say that its agents were vested with the mere naked power to sell and deliver, without any authority to waive or modify any term of the printed contract, would be, as is well said in Pitsinowsky v. Beardsley, Hill & Co., 37 Iowa, 9, 'to establish a snare by which to entrap the unwary, and enable principals to reap the benefits flowing from the conduct of an agent in the transaction of business intrusted to his hands, without incurring any of the responsibilities connected therewith.'"

It is assigned as error that the court found that there was a breach of the warranty by the plaintiff, and it is argued that the testimony conclusively showed that the engine was adequate for defendant's

work. There was testimony to the contrary, however, and the court below gave credence to it. The finding upon that branch of the case, therefore, is not open to review in this court.

We find no error. The judgment is affirmed.