Evans v. Jacobitz.

W. H. Evans, *as Administrator, etc.*, v. A. Jacobitz.

No. 13,169. ( 72 Pac. 848.)

SYLLABUS BY THE COURT.

1. CONTRACT—*Rescission Implied.* Consent of parties to a rescission of a contract may be implied from the circumstances and conduct of the parties with respect to the subject-matter and need not be shown by an express agreement.

2. ——— *Conveyance—Condition Precedent.* Before a party can maintain an action to recover the purchase-money on a contract for the sale and conveyance of land, he must allege and prove that he has performed his own obligation by making and tendering a deed of conveyance.

Error from Marion district court; O. L. MOORE, judge. Opinion filed June 6, 1903. Affirmed.

*Keller & Dean*, for plaintiff in error.

*R. L. King*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : This was an action to recover on a contract for the sale of land and to declare the same an equitable lien thereon and to foreclose the lien. On November 6, 1886, W. B. Beebe, of Ohio, who was the owner of several tracts of land in Kansas, sold to

A. Jacobitz a tract of sixteen acres for $1970, payable in six equal annual instalments. In the contract Beebe covenanted that when full payment was made he would convey to Jacobitz by a good and sufficient deed an indefeasible estate in fee-simple to the land, warranting the same free, clear, discharged and unencumbered of and from all former grants, titles, charges, estates, judgments, taxes, assessments and encumbrances of whatsoever nature or kind. The contract also provided that if Jacobitz should make default in payment or in fulfilling any part of the agreement it was to be forfeited, at the option of Beebe, who would have the right to take possession of the land, and Jacobitz would then forfeit all payments made. Jacobitz went into possession of the land at once, and continued to pay interest on the debt until November 6, 1894, amounting to $1260.80.

In April, 1894, Beebe died, testate, and his son, Stewart J. Beebe, and his daughter, Nettie B. Morris, were appointed executors of his will. The daughter died soon afterward, and Stewart J. continued as sole executor until he was succeeded by a son of Nettie B. Morris. In October, 1895, Jacobitz undertook to rescind the contract and to surrender all rights thereunder to the executors of the estate, who declined at first to release him from his obligation, but later they took possession of the land and collected rents therefrom until the commencement of this action, in 1898. W. H. Evans, the administrator, who brought this action, applied to the probate court of Marion county and obtained an order to sell the real estate in question, as well as other property, for the purpose of paying the debts of the estate. At no time prior to the commencement of the action did the representatives of the estate tender back to Jacobitz

the possession of the premises or offer to account to him for the rents of the same, nor did any of them ever demand from Jacobitz the money remaining unpaid on the contract, or tender to him a deed to the premises, or any performance of the contract upon their part. It appears that several judgments were rendered against W. B. Beebe in his lifetime which had never been satisfied or discharged of record, and a number of judgments, amounting to a large sum, were rendered against S. J. Beebe, one of the heirs and an executor of the estate, which are wholly unpaid and unsatisfied. The trial court held that the contract sued on had been forfeited and rescinded before the commencement of the action; that no tender of conveyance having been made by the plaintiff prior to the beginning of the action it could not be maintained, and that the deed tendered after the action had been brought was not free and clear of encumbrances, as required by the terms of the contract.

There are several sufficient reasons why the judgment of the court should be affirmed. In the first place, the contract, as the trial court found, had been rescinded. There may have been no express declaration of rescission by Beebe or by those representing his estate, but there need not be in all cases an express rescission; the same may be implied from the dealings and conduct of the parties. Here Jacobitz was in default and had notified the executors that he desired to surrender and cancel the contract and to relinquish any rights thereunder. While they did not then accept the surrender and relinquishment they did treat the contract thereafter as having been annulled. They did accept from Jacobitz and retain the rents for this land which accrued after the proposed rescission, and

they further took and held possession of. the land and collected the rents for the estate from that time until the commencement of the action.   They have never offered to return the possession nor to account to him for the rents which they have collected.   This conduct, coupled with the fact that they did not for a period of nearly three years thereafter ask payment of the money remaining unpaid upon the contract, nor take any steps toward its enforcement, gives rise to an implication of rescission by mutual consent, and is abundantly sufficient to sustain the finding of the court that there had been a rescission.

It appears to have been the view of the representatives of the estate, as well as the probate court, that there had been a renunciation of rights by Jacobitz and a rescission of the contract by the representatives of the estate.   A petition was filed in the probate court for an order to sell this property, and a decree was entered directing that it be sold and the proceeds applied to the payment of the debts of the estate.

An additional reason for upholding the judgment, if more were needed, is the fact that no tender of a deed such as was contracted for was made before the commencement of the action.   Although there is some diversity of judicial opinion as to the necessity of a tender, it is well settled in this state that a party cannot justly summon another into court in such case and impose the cost and annoyance of a suit until he has tendered performance on his own part; that he cannot maintain the action without alleging and proving that he has performed his own obligation by making and tendering a deed of conveyance.   (*Iles v. Elledge*, 18 Kan. 296; *Close v. Dunn*, 24 id. 372; *Morrison v. Terrell*, 27 id. 326, and *Soper v. Gabe*, 55 id. 646, 41 Pac. 969.)

The conclusions that have been reached make it unnecessary to refer to the other questions discussed by counsel, and, for the reasons stated, the judgment will be affirmed.

All the Justices concurring.