HERBERT M. HILTON

*vs.*

CHARLES E. HANSON AND DAVID M. PARKS.

Somerset.   Opinion December 27, 1905.

*Written Contract.   Waiver.   Assumpsit.   Evidence.*

A written contract may be waived either directly or inferentially and such waiver may be proved by express direction or by acts and directions manifesting an intent not to claim the supposed advantages ; or by a course of acts and conduct, or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive.

Parol evidence of a subsequent waiver of any of the stipulations in a written contract, or of a right under such contract, is admissible even when such contract is under seal.

When a written contract has been waived, an action of quantum meruit will lie for work and labor done.

In the case at bar, the jury found and it is held that the written contract had been waived, and that the plaintiff's verdict must stand.

On motion by defendants. Overruled.

Assumpsit on account annexed for services rendered in cutting, splitting and piling wood, and for cutting and hauling logs, and for peeling hemlock bark, etc. The writ also contained an omnibus count of the common form. Tried at the December term, 1904, of the Supreme Judicial Court, Somerset County. Plea, the general issue together with a brief statement alleging that there was a written contract duly executed between the plaintiff and the defendants upon which the plaintiff's action should have been brought and that the action of assumpsit as brought by the plaintiff could not be maintained, and also alleging that the plaintiff had broken said contract thereby damaging the defendants to the amount of $500 which said sum the defendant asked to be allowed to them against the plaintiff by way of recoupment. Verdict for plaintiff for $143.44. Defendants then filed a general motion for a new trial.

The case sufficiently appears in the opinion.

*Daniel Lewis,* for plaintiff.

*Morse & Anderson,* for defendants.

SITTING: WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J. This is an action of assumpsit containing a count for quantum meruit brought by the plaintiff to recover of defendants for the sum of $168.94 and interest thereon amounting to $15.20 for services rendered in cutting, splitting and piling wood, and for cutting and hauling timber, etc. The defendants set up in defense a written contract duly executed between the plaintiff and defendants upon which they say the plaintiff's action should have been based, and that his action of assumpsit cannot be maintained. The plaintiff admits the execution of the written contract but says that it was waived and a new oral agreement substituted in its place whereby he was thereafter to receive an agreed compensation as set forth in his account annexed for services rendered.

That a written contract may be waived either directly or inferen-

tially is too well settled to require citation. Waiver may be proved by express declaration, or acts and declarations manifesting an intent not to claim the supposed advantage; or by a course of acts and conduct, or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive. *Peabody* v. *Maguire*, 79 Maine, 586. Parol proof of the subsequent waiver of any of the stipulations in the written contract or of any right under such contract, is admissible even when such contract is under seal. *Adams* v. *Macfarland*, 65 Maine, 152.

In *Blood* v. *Enos*, 12 Vt. 626, the court say, "It is always competent for the parties to rescind a subsisting simple contract by a naked verbal agreement to that effect, whether this was the intention of the parties is to be determined by the jury from what passed between them." Waiver is also held to be a question of fact, see *Peabody* v. *Maguire*, supra, and cases cited.

It is also well settled, when a contract has been thus waived, that an action of quantum meruit will lie for work and labor done. Abbott's Trial Evidence, 2nd. Ed. page 446, sec. 8. It is held in Greenleaf, Vol. 2, sec 104, that the plaintiff may resort to the common counts where the contract, though partly performed, has been abandoned by mutual consent, or where it appears that what was done by the plaintiff was done under a special agreement but not in a stipulated time or manner and yet was beneficial to the defendant. See also *Munroe* v. *Perkins*, 9 Pick. 298.

But the defendants reply further and assert that even if this is so, the plaintiff's action cannot be sustained, inasmuch as he has brought suit against the defendants jointly and the evidence in the case shows that the modified contract, if made at all, was made between the plaintiff and only one of the defendants to the original contract without any knowledge or consent on the part of the other, and that one joint contractor cannot thus waive the original contract and bind the other to a new or modified contract.

The defendants were owners in common of the land on which the wood and timber was to be cut by the plaintiff. The legal position of the defendants with regard to the right of one joint contractor to waive or bind the other to a new and modified contract without his

knowledge or consent may be well taken, but the plaintiff avers that the defense set up by the defendants is not warranted by the facts and that the defendant, Charles E. Hanson, instead of being without knowledge of, and not consenting to, a modified contract, was cognizant throughout the whole transaction of what was going on, of what his co-contractor was doing; that he received his share of the benefit of all the services performed by the plaintiff and that, under all the facts and circumstances in this case, the inference is fairly warranted that the defendant Parks acted as the agent of Hanson in engaging in the new agreement with the plaintiff, and that Hanson understood and ratified all that was done in pursuance thereof.   The jury found that the plaintiff was entitled to recover of the defendants for the services rendered the sum of $143.44.   No ground is found in the evidence equitable or legal for disturbing the amount of the verdict. The case finds that the plaintiff performed services for the defendants which were worth to them $143.44 and received and appropriated the benefit of these services to their own account.

The only remaining question is whether the evidence warrants the other conclusion which the jury must have arrived at in order to find a verdict for the plaintiff, that the defendant Hanson was represented by his co-contractor Parks in negotiating the contract under which these services were rendered, or ratified the contract while they were being performed or after they were completed.   It would be practically impossible in a case like this to prove that one of the contractors was an agent for the other, in procuring the services of the plaintiff, by direct evidence of any specific agreement between them. It is not essential that the agency or the ratification claimed by the plaintiff should be so proved.   These facts may be established by inference drawn from the other circumstances and facts connected with the case.

A ratification may be implied as from the principal's act.   A. & E. Ency. of Law, Vol. 1, page 437.   The acceptance of the moiety originally paid over to the co-tenant was held to be the ratification by him of the act in the other in making a shipment and consignment of goods for sale.   *Rogers* v. *White*, 6 Maine, 193.   In this case the parties were tenants in common.   A party cannot claim the property

and yet deny the agency of the purchaser. When they have claimed the property purchased it is too late to deny the agency. *Newhall* v. *Dunlap*, 14 Maine, 180. If one joint debtor not a co-partner signs the name of another without authority to a promissory note, the promise of the latter to pay it with full knowledge of all the facts will amount to the ratification of an assumed authority and the court will draw the inference that he must have known of the facts when he made the promise to pay. *Waite* v. *Foster*, et al., 33 Maine, 424. When an agent without the authority or knowledge of his principal borrows money and applies it to the payment and discharge of the legal liabilities of his principal and the principal knowingly retains the benefit of such payment, the lender may recover therefor in an action against the principal. The principal cannot retain the benefit of the money hired by his agent and at the same time legally refuse to pay the lender upon the ground that the agent had no authority to borrow the money. *Perkins* v. *Boothby*, et als., 71 Maine, 91. It should not require a great quantity of evidence to warrant the legal inference of a duty to do what is right. In this case the rule would seem to apply. The undisputed facts show that the defendants were owners in common of the property upon which the plaintiff operated; that they were jointly interested in the result of the operation; that the defendant Hanson as well as Parks knew what the plaintiff was doing; that he saw the plaintiff, talked with him and personally made a partial payment to him for work performed; that he received and appropriated to his own use his share of the services rendered by the plaintiff; and had repeatedly promised the plaintiff to pay him therefor. No intimation that Hanson repudiated the action of Parks or the services done by the plaintiff was ever made until after the trial of this case. It was only after a verdict against them that they raised the defense now offered.

From all the evidence in this case we are not prepared to say that the verdict was so clearly wrong as to warrant us in setting it aside. The case was tried upon its merits. No exceptions were taken to the rules of law given by the court. The contention of both sides was therefore properly presented to the consideration of the jury. We do not think that the inference can be properly drawn that the jury

acted under a mistake, disregarded their duty or were influenced by improper motives.

*Motion overruled.*