ERNEST S. BURNS v. JOHN F. McFARLAND.

(Filed 14 December, 1907).

1. Appeal and Error—Injunction—Findings of Fact—Review.

The Supreme Court may review the findings of fact made by the court below, on appeal from an order refusing or continuing an injunction to the hearing, and is not concluded by reason there given by the court for its decision.

2. Contracts—Specific Performance—Abandonment.

Specific performance will not be enforced under a contract respecting the sale of hotel furniture and the assignment of a lease on the hotel, when it appears that the lease was only assignable with the written consent of the owner, that the plaintiff has never applied to him for such consent, and in other ways, by his conduct, has clearly indicated the purpose of abandonment.

3. Same — Specific Performance — Abandonment — Injunction — Receiver—Damages.

When it appears that the defendant had contracted to sell to plaintiff certain hotel furniture and assign a lease on the hotel, that the plaintiff had, by his conduct, clearly indicated the purpose of abandonment of his right, and that defendant had sold a part interest to another, who, with him, was conducting the hotel in question, specific performance will not be decreed, and an interlocutory order refusing to continue an injunction to the hearing and appoint a receiver will be affirmed; but plaintiff will not be estopped from proceeding to recover damages in proper instances.

CIVIL ACTION, heard on a motion to show cause, etc., by *Moore, J.,* on 6 August, 1907, at chambers in Asheville, BUNCOMBE County.

Judgment for defendant. Plaintiff appealed.

The facts sufficiently appear in the opinion.

*Merrimon & Merrimon* for plaintiff.
*Glenn & Sale* for defendant.

WALKER, J. The plaintiff alleged in his complaint that the defendant agreed to sell him certain furniture in the Stoner Hotel, situated in Asheville, the price to be ascertained as soon as an inventory could be taken and the invoices ex-

amined, and that when this was done the defendant would·
assign to him an unexpired lease he then had of said hotel
and a new lease which the defendant would get from Stoner,
the owner of the hotel, for the next year.    On 10 June, 1907,
the defendant gave the plaintiff ·a receipt for one dollar "on
account of the sale of the Stoner Hotel."    Without setting
out the evidence, it appears to us therefrom that the plaintiff
failed to comply with his part of the contract and clearly
abandoned the same, and that thereafter the defendant sold a
one-third interest in the furniture to one J. L. Page for a
valuable consideration, Page having no notice of the prior
contract between the defendant and the plaintiff.    The latter
applied for an injunction to restrain the defendant from
exercising any control over the premises and from conducting
the business of a hotel thereon, and also prayed for a specific
performance of the contract.    The defendant and Page are
now partners, engaged in conducting the hotel business in the
Stoner building.    The lease by Stoner to the defendant con-
tained a stipulation that it should not be assigned or trans-
ferred without the written consent of Stoner, and he has never
consented in writing to any assignment or transfer of the
same, nor has the plaintiff ever applied to him for one.    The
motion, upon the pleadings and affidavits, was denied, and
plaintiff appealed.

. This Court, on appeal from an order refusing or continuing
an injunction to the hearing, can review the findings of fact
made by the court below.    *Jones v. Boyd,* 80 N. C., 258;
*Evans v. Railroad,* 96 N. C., 47; *Roberts v. Lewald,* 107
N. C., 305.    His Honor held that Page was a purchaser for
value and without notice, and, therefore, acquired a good
title as against the plaintiff, and that, consequently, the de-
fendant could not be compelled to specifically perform his con-
tract, as he ·could not convey the title (*Sprinkle v. Wellborn,*
140 N. .C., 163), and ·that the plaintiff's remedy was by an
action for damages for a breach of his contract.    *Winders v.*

*Hill,* 141 N. C., 694; *Sprinkle v. Wellborn, supra.* Without reciting the facts in detail, we are convinced by the clear weight of the evidence that the plaintiff not only failed to comply with his contract, if he had one, but that he abandoned and intended to abandon the same. Rights acquired by contract may be relinquished or abandoned either by agreement or by conduct clearly indicating such a purpose. *Falls v. Carpenter,* 21 N. C., 237; *Faw v. Whittington,* 72 N. C., 321; see, also, *Redding v. Vogt,* 140 N. C., at p. 567, and cases there cited. We are not concluded here by the reason given in the court below for its decision. If there is any valid and sufficient ground supporting the judgment and appearing in the record, we will adopt it and affirm the judgment. The order of the court below was right, upon the facts of the case, and we approve it. The plaintiff is not estopped by this decision from proceeding against the defendant to recover damages for any breach of the contract, if he can show that he made one and has not disabled himself from performing it, or otherwise committed a breach of it. We are only passing on the facts ascertained from *ex parte* affidavits, for the purpose of reviewing the interlocutory order of the Judge upon the motion of the plaintiff to continue the injunction to the hearing and to appoint a receiver. *Carter v. White,* 134 N. C., 466; *Solomon v. Sewerage Co.,* 142 N. C., 439. It is not necessary to examine the reason assigned by the learned Judge who presided at the hearing for the purpose of passing upon its correctness, as we find abundant reasons, apart from it, for approving the ruling.

Affirmed.