[No. 7652.]

PRINCESS AMUSEMENT COMPANY ET AL. v. F. E. EDBROOKE ARCHITECT COMPANY.

CONTRACTS—*Construed.* Plaintiff, an architect, was employed by a corporation to prepare plans and specifications for remodeling a building, in order to convert the same into a theatre. A contract in writing was entered into, fixing the architect's duties and compensation. It was afterwards discovered that the proposed transformation was impracticable. New parties became interested in the enterprise, and a new corporation was organized. The building was torn down and a new one erected. The architect was continued in charge of the work until its completion, with the understanding that he was acting under the original employment. *Held* that the original contract establishing the architect's compensation and was properly received for that purpose.

## On Rehearing.

*Error to Denver District Court.*—Hon. GREELEY W. WHITFORD, Judge.

Mr. JOHN T. BOTTOM, Mr. MILNOR E. GLEAVES, of counsel, for plaintiffs in error.

Mr. T. J. O'DONNELL, Mr. CANTON O'DONNELL, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court:

This action was brought by the F. E. Edbrooke Architect Company against The Moore & Greaves Amusement Company, The Princess Amusement Company and George C. Moore and George H. Greaves, copartners as Moore & Greaves, for architectural services rendered in the construction of the Princess Theater in Denver, and to foreclose a mechanic's lien on the property.

1.   In 1909, Moore and Greaves contemplated the construction of a moving picture theater building, and for that purpose leased certain lots on Curtis street, the building located upon which, they proposed to remodel into a theater building.   With that end in view, they consulted plaintiff as to the feasibility of making the changes in the old building, and having organized a corporation under the name of The Moore & Greaves Amusement Company, executed and delivered to defendant in error, the following instrument:

"Dec. 1, 1909.

To The F. E. Edbrooke Architect Co.,
    510-13 Tabor Grand Opera House Bldg.,
                                    Denver, Colo.

I hereby authorize and direct you to prepare plans, specifications and such other drawings as may be necessary for the proper erection and completion of a remodeling at 1618 to 1624 Curtis St., Denver, for theater purposes, and to procure from builders and contractors estimates for the construction of the said building and by and with my consent to let contracts for the same, and to superintend the work and construction of the said building, and to issue certificates or vouchers for the payment of contractors or others entitled to such payments in accordance with the terms of their respective contracts, and for such services as aforesaid by you performed I

hereby agree to pay you a sum equal to ten per cent of the total cost of the aforesaid building and appurtenances thereof, payable in manner following:

Upon completion of plans and specifications, 5 per cent of cost.

Thirty days after occupancy, 5 per cent addition of cost or balance due.

All labor or materials furnished by me for use in the construction of the aforesaid building and appurtenances shall be included in the aggregate cost thereof, and be subject to your commission as aforesaid.

Plans, drawings and specifications are the property of the architect.

Witness my hand and seal the day and year first above written.

MOORE & GREAVES AMUSEMENT CO.    (SEAL)

By G. C. MOORE, Prest.

By G. H. GREAVES, Secy.

Accepted:

THE F. E. EDBROOKE ARCHT. CO.,

By F. E. E.''

This document was introduced in evidence by plaintiff, marked exhibit ''A'', and will be referred to hereafter.

Plaintiff prepared sketch plans for the reconstruction of an old building, which it was found later could not be remodeled into a theater, and these were discarded; the original structure was torn down and removed, and an entirely new edifice called the ''Princess Theater'' erected in its place. When it was found the old building could not be used and a conclusion was reached to build a new theater, it was ascertained that the cost was greater than The Moore & Greaves Amusement Company could finance, and Mr. A. T. Mackey became identified with the enterprise and agreed to furnish

the additional funds. A new corporation was then organized, known as The Princess Amusement Company, which proceeded to carry out the purpose of the organization by the erection of the new building.

Plaintiff alleges in its complaint:

"15th: That while at the time of the original employment of plaintiff, as herein aforesaid, it was contemplated by the defendants, Moore & Greaves and The Moore & Greaves Amusement Company, that the services to be by the plaintiff rendered under its said employment, would be in the remodeling of an old building then upon the property, the said defendants afterwards changed their plans in that respect and tore down and removed the said old building and constructed an entire new building upon said premises, which is known as The Princess Theater Building, but that nevertheless, the employment of the plaintiff was continued by the said defendants upon and without any change in the terms or conditions thereof as hereinbefore stated."

The trial was to the court and plaintiff was given judgment, to reverse which, defendants bring the case here.

2. The record is exceedingly voluminous, and many errors are assigned, but we think it necessary to determine but one proposition.

Defendants, plaintiffs in error, contend the written contract, exhibit "A," was for remodeling an old building only, and when that plan was discarded, and it was decided to erect a new structure by a company organized for that purpose, the written contract was abandoned and did not cover plaintiff's services in the construction of the new theater, which services were of an entirely different character, for which a much less charge is ordinarily made by architects; that there being no express contract for the services in connection with the Princess

Theater, the action was, or should have been based upon quantum meruit, and not upon express contract.

Under the allegations of the complaint above set forth, that the employment was continued without change, evidence was introduced showing that while a new corporation was formed after the execution of exhibit "A," the same people were interested in the new company, and there really was no change in the parties or management, except that Mr. Mackey was taken in to furnish the additional capital necessary to complete the erection of the new theater, and a new company was formed for the purpose of carrying out and completing the plans already contemplated; that the Edbrooke Company continued its services with the understanding that it was working under the terms of exhibit "A," so far as its compensation was concerned, and the exhibit was resorted to and introduced in evidence, not for the purpose of proving an express or written contract as the basis of employment, but to show, under the allegations of the complaint, the amount of compensation and method and terms of its payment. There is uncontradicted testimony to the effect that one or more of the defendants went to the plaintiff company and asked for a reduction from the ten per cent it was to charge for its services in the erection of the new building, that plaintiff refused to make any change in that respect, and the Princess Amusement Company paid the Edbrooke Company one thousand dollars on account, and continued to receive the benefit of its services in and about the construction of the new building until it was completed, knowing that plaintiff was claiming as its compensation, ten per cent on the cost of the new structure.

Under these conditions, we cannot say that exhibit "A," in so far as the compensation is concerned, was not

adopted and acted upon by all the parties in the construction of the new theater.

The former opinion is withdrawn, and the judgment of the lower court affirmed.

*Affirmed.*

Decision *en banc.*