# CHARLESTON.

OVILLA A. AZURE *v.* GLENN HUNTER

(No. 5489)

Submitted March 2, 1926. Decided March 9, 1926.

CONTRACTS—*Modification of Contract May Be Implied From Subsequent Agreement or Conduct of Parties; Evidence Held to Warrant Finding That Parties, by Conduct in Performance of Contract for Building House, Eliminated Guaranty by Contractor That Cost Should Not Exceed Certain Sum.*

Modification of a contract may be implied from a subsequent agreement or the conduct of the parties.

(Contracts, 13 C. J. § 605 [Anno.])

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Monongalia County.

Action by Ovilla A. Azure against Glenn Hunter on a con-

tract.   Judgment for the plaintiff, and defendant brings error.

                                        *Affirmed.*

*E. M. Everly* and *Frank P. Weaver,* for plaintiff in error.
*L. V. Keck,* for defendant in error.

LITZ, PRESIDENT:

The defendant prosecutes error to the judgment of the circuit court of Monongalia county upon a verdict against him in favor of the plaintiff for $3,522.65.

The defendant engaged the plaintiff to build, according to plans and specifications, a dwelling house and garage in or near the city of Morgantown.   The parties later signed a written contract embodying an estimate for materials and labor of $13,455.66, providing a compensation to the plaintiff of five per cent. upon the total actual cost of the buildings, and further stipulating:

> "Said contractor hereby further agrees and guarantees that the total cost of said dwelling house and garage to said owner, not including the commissions herein provided to be paid to said contractor, shall not exceed the sum of Thirteen thousand Dollars ($13,000.00) in consideration of which guarantee, the owner is to pay to the contractor an additional compensation over and above the five per cent herein provided to be paid, of two per cent upon the total actual cost (not including said commission) of said dwelling house and garage; but said dwelling and garage are to be built by said contractor at the lowest cost consistent with the kind and quality of work and materials contemplated by this agreement";   .

but there was no provision for additions or changes in the plans and specifications.

The writing was prepared and, after its execution, retained, by the defendant who is a practicing lawyer and shrewd business man.   Upon the theory that the guaranty, if ever effective, had been eliminated in the performance of the contract, after completing the buildings, the plaintiff sued in

assumpsit to recover of the defendant a balance, due under the contract, of $794.01, and the proceeds of two notes belonging to the plaintiff, aggregating $3,300.00, which the defendant had negotiated for the plaintiff.

The defendant asserts that his liability under the contract is limited to the guaranteed cost of $13,000.00, the additional cost due to changes in the plans and specifications, estimated at $1,910.00, and seven per cent. of the actual cost, all of which has been paid. He claims further that he applied the proceeds of the two notes, with the consent of plaintiff, to the payment of material and labor bills for which the plaintiff was liable under the guaranty. The controversy involves the difference between the guaranteed cost of the buildings under the written contract, and their actual cost of about seventeen thousand dollars.

The plaintiff testified that the notes were delivered to defendant for the sole purpose of having them discounted and the proceeds returned to him; that he agreed to construct the buildings for five per cent. of the actual cost of labor and materials, and trusted the defendant to prepare the written contract accordingly; that he did not see the instrument from the time of its execution until the buildings were practically completed, when the defendant for the first time asserted that the plaintiff was obligated to construct the buildings for $13,000.00 and seven per cent. commission; that there were about seventy-five changes and additions in the plans and specifications, many of which were substantial and costly in material and workmanship; that the defendant and his wife assumed and exercised such control of the work as to prevent him from constructing the buildings at a minimum cost; that no record was kept or suggested in the course of the construction in order to determine the added cost due to changes and additions, and which could not be accurately estimated after the work was completed; that the estimate for excavation, stated in the contract as $500.00, was based upon the representations of the defendant that no rock would be encountered, when in fact it was necessary to remove a great amount of rock, entailing and additional cost over the estimated amount, of $1,100.00; and that in order to satisfy the defendant and his

wife it was necessary to have a great deal of the work done by day labor at rates exceeding those obtainable by contract.

The jury was clearly warranted in finding that the parties had by their conduct in the performance of the contract eliminated the provision relating to the guaranty, if indeed it had ever become binding.

The modification of a contract may be implied from the conduct of the parties. *Grider* v. *Three States Lumber Co.,* 72 Ark. 190, 79 S. W. 763; *Princess Amusement Co.* v. *F. E. Edbrooke Architect Co.,* 58 Colo. 207, 144 Pac. 893; *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 Ga. 695, 58 S. E. 200; *Evans* v. *Howell,* 211 Ill. 85, 71 N. E. 854; *Sutton* v. *Griebel,* 118 Ia. 78, 91 N. W. 825; *Evans* v. *Jacobitz,* 67 Kan. 249, 72 Pac. 848; *Hilton* v. *Hanson,* 101 Me. 21, 62 Atl. 797; *Herpolsheimer* v. *Christopher,* 76 Neb. 352, 107 N. W. 382; *Bird* v. *Prescott Co.,* 89 N. J. L. 591, 99 Atl. 380; *Burns* v. *McFarland,* 146 N. C. 382, 59 S. E. 1011; *Ahrens* v. *Ahrens,* (Okla.) 169 Pac. 486; *Davenport* v. *Crowell,* 79 Vt. 419, 65 Atl. 557.

The judgment of the circuit court will be

*Affirmed.*