STATE OF MAINE
HANCOCK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE 01-03
DOCKET NO. CV-01-63

GRANVILLE LUMBER CORP.,
     Plaintiff

)
)
)
)

v.

)
)

ADVANCED CONSTRUCTION, ET AL.,
     Defendants

)
)
)

and

)
)

DECISION

KENNETH V. AWALT,
     Plaintiff

)
)
)

DONALD L. GARBRECHT
LAW LIBRARY

MAR 12 2003

v.

)
)
)

AARON SPENCE, ET AL.,
     Defendant

)
)

## Background

Pending before the Court is Philip Joslin's ("Joslin") Motion for Summary Judgment. This matter arises from a home construction contract between Joslin and Aaron Spence ("Spence"), President of Advanced Construction Corporation ("ACCI"), for the construction of Joslin's residence in Ellsworth, Hancock County, Maine. Kenneth V. Awalt brought a civil action, arising out of a painting subcontract, against Spence, ACCI, and Joslin in four counts: (1) Account annexed against Spence and ACCI; (2) Breach of Contract against Spence and ACCI; (3) Unjust enrichment against all three defendants; and (4) A lien against Joslin's property pursuant to 10 M.R.S.A. §3251, et seq. Granville Lumber Corporation then brought suit, arising out of a contract for the supply of materials, against Aaron Spence d/b/a Advanced Construction and Joslin in four counts: (1) A lien action against Joslin's property; (2) Account annexed against

1

Spence d/b/a; (3) Breach of Contract against Spence d/b/a; and (4) Unjust enrichment against Joslin. Joslin cross-claimed against ACCI in both actions in two counts: (1) Breach of Contract; and (2) Negligence. Defendants Aaron Spence, Aaron Spence, d/b/a, and ACCI cross-claimed against Joslin in five counts: (1) Breach of Contract; (2) Breach of Contract implied in fact; (3) Quantum Meruit; (4) Unjust Enrichment; and (5) A lien against Joslin's property.[1] The Court ordered the Awalt and Granville Actions consolidated pursuant to M.R Civ. P. 42(a).

Joslin seeks Summary Judgment on counts I, II, III, IV and V of ACCI's Complaint.[2] For the following reasons his motion is denied.

### Summary Judgment

Summary judgment is no longer an extreme remedy. <u>Curtis v. Porter</u>, 2001 ME 158, ¶7, 784 A.2d 18. A party is entitled to summary judgment when there are no genuine issues of material fact, and the party is "entitled to judgment as a matter of law." M.R. Civ. P. 56 (c); <u>In Re Estate of Davis</u>, 2001 ME 106, ¶7, 775 A.2d 1127, 1129. A fact is material when it has the potential to affect the outcome of the suit. <u>Kenny v. Dep't of Human Services</u>, 1999 ME 158, ¶3, 740 A.2d 560, 562 (citation omitted). An issue is genuine if sufficient evidence supporting the claimed factual dispute exists to require a choice between the parties' differing versions of the truth at trial. <u>Id.</u> (citation omitted).

M.R. Civ. P. 56 ("Rule 56") establishes the procedure the parties must follow when seeking or defending summary judgment. Rule 56 requires the moving party to file

---

[1] Aaron Spence and ACCI dropped an additional count of Negligent Misrepresentation.
[2] Although Joslin mentions additional counts and parties in his Memorandum in Support of his Motion for Summary Judgment, the Motion for Summary Judgment refers only to "the Complaints and cross-claims of Defendants, Aaron Spence, Spence, d/b/a and Advanced Construction Corporation..." Further, considering the Court's decision in this matter, the consideration of the additional counts Joslin refers to in his Memorandum is not necessary.

a "separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there are no genuine issues to be tried." M.R. Civ. P. 56(h)(1). A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts, which admit, deny or qualify the moving party's facts. M.R. Civ. P. 56(h)(2). Both parties must support their statements with citations to the record and the Court may disregard any statement of fact the parties have failed to properly support. M.R. Civ. P. 56(h)(4). When parties proceed via affidavits, the affidavits must affirmatively show that they are based on the affiant's personal knowledge. Peoples Heritage Savings Bank v. Pease, 2002 ME 82, ¶25, 797 A.2d 1270, citing M.R. Civ. P. 56(e). Further, an affidavit filed in a summary judgment proceeding should not contain factual or legal conclusions. Levine v. R.B.K. Caly Corporation, 2001 ME 77, ¶8 n.6, 770 A.2d 653.

The Court first notes that Joslin's Affidavit does not affirmatively disclose that it is based on his personal knowledge.[3] It is apparent from the content of the affidavit that Joslin had personal knowledge of some of the facts and therefore the court will consider portions of the affidavit. Peoples Heritage Savings Bank, 2002 ME at ¶25. However, factual and legal conclusions cannot be based on personal knowledge and therefore paragraph ten of Joslin's affidavit does not comply with M.R. Civ. P. 56.

Joslin's Statement of Material Facts ("SMF") ¶3 contains a legal conclusion and further does not contain a proper record citation and therefore the Court properly disregards Joslin's SMF ¶3. Additionally the Court disregards Joslin's SMF ¶4 and ¶5 in which Joslin cites, "answers to interrogatories and documents produced" which is not a

---

[3] Aaron Spence's affidavit does not contain a jurat indicating that he based the affidavit on his personal knowledge. However, his affidavit, #1, indicates that he based the information on his personal knowledge and the jurat indicates that all the statements are true.

3

proper record citation. The Court further disregards Joslin's SMF ¶6, 7, 13, 14, and 17, which contain legal conclusions and improper record citations.[4] Joslin did not properly qualify Additional Statement of Material Facts ("ASMF") ¶3, as the record citation does not support the qualification and therefore the Court deems the fact admitted. Rodgers v. Jackson, 2002 ME 140, ¶7, 804 A.2d 379 (holding that the Court may deem any fact that a party does not properly controvert as admitted).

## Facts

On July 26, 2000, Spence and Joslin entered into a written contract for the construction of a 32' by 44' home. SMF ¶1.[5] The contract expressly contemplated increase costs for various "allowance" items including painting, windows, and kitchen work and Spence informed Joslin that he would be responsible for any cost increase in excess of the allowance. ASMF ¶5. During construction Joslin worked in Rio de Janeiro, Argentina and the parties communicated by e-mail and telephone. ASMF ¶2. However, Spence did meet personally with Joslin in November and February to discuss the progress of the construction. ASMF ¶2. At Joslin's request, ACCI, made changes to the home beyond contractual specifications, including the following:

| AS BUILT | ORIGINAL | ADDED COST |
|---|---|---|
| Radiant floor heat | Hot water baseboard | $4,210.00 |
| Full shower and bath Downstairs and whirlpool | Half bath | $4,500.00 |
| Kolbe and Kolbe custom Windows w/electronics | Anderson windows | $11,000.00 |

---

[4] Joslin cites his affidavit at #s 12 and 13, however the affidavit dated September 23, 2002, contains only 11 paragraphs. The Court is not obligated to examine the record to find support for statements of material fact.

[5] For the purpose of this decision the Court will refer to Spence in reference to Spence, Spence d/b/a, and ACCI.

| | | |
|---|---|---|
| Brazilian cherry floors | Oak floors | $7,000.00 |
| Floor drains in all Bathrooms | None | $1,000.00 |
| Red clear select cherry Cabinets | Oak cabinets | $8,000.00 |
| 14 ft. of deck added to screen, including enclosed porch | | $7,000.00 |
| Front deck 3 ft. wider | | $2,000.00 |
| Cyprus decking | Pressure treated decking | $900.00 |
| Ledge blasting & fill-extra Earthwork | No blasting | $8,000.00 |
| Electrical (done directly electrician) recessed lighting motorized window wiring central vacuum system | 1 fixture/room for lighting | $5,200.00 |
| Septic system (had to build new leach field) | Use existing leach field | $1,026.00 |
| Brazilian cherry banister | Oak banister | $2, 094.00 |
| Cherry stairs | Oak stairs | $702.00 |
| Exterior stain-2 coats | Interior painting only | $7, 568.00 |
| Custom milled casings | Standard wood trim | $5,462.00 |
| Actual labor ($41, 257.00) | Original labor allowance ($21, 836.00) | $19,421.00 |
| Foundation floor repair due to owner's directions | | $7,563.00 |

SMF ¶2, ASMF ¶1.[6] Considering Joslin's limited presence in Maine during construction Spence did not prepare a specific change order each time Joslin requested a change. ASMF ¶3. Joslin contends he relied upon the written contract and never intended to deviate from it while Spence was under the impression that he and Joslin would enter into a good-faith negotiation to arrive at a comprehensive written change order near the completion of the construction. SMF ¶12, ASMF ¶4.

Joslin has produced numerous emails that include requests for changes that Spence performed and beginning in May 2001, Joslin acknowledged on several occasions

[6] The parties dispute who initiated the changes, when and if Joslin authorized the changes, and what information Spence provided regarding the changes.

5

that the parties needed to review the extras and come to an agreement. ASMF ¶6, 7. On July 16, 2001, Spence provided Joslin with a detailed breakdown for completion of the house and indicated a balance due through that date of $91,842.00, which represented application of all payments plus an additional $7,100.00 in repairs due to a defective concrete floor that Spence poured during winter at Joslin's request. ASMF ¶8.[7] Spence retained an engineer who determined that the value of the home as constructed is $266,430.00, $238,500.00 of which is attributable to work Spence performed. ASMF ¶11. Joslin has paid the following amounts (SMF ¶11):

|   |   |   |
|---|---|---|
| a. | 07/29/00 | $27,477.13 |
| b. | 11/07/00 | $27,500.00 |
| c. | 03/02/01 | $36,127.00 |
| d. | 05/04/01 | $27,500.00 |
| e. | 06/05/01 | $10,000.00 |
| f. | 6/15/01 | $11,500.00 |
| g. | 07/05/01 | $2,000.00 |
| h. | 7/11/01 | $3,500.00 |

[7] Spence also contends that via an e-mail dated July 17, 2001, Joslin acknowledged his responsibility to pay $87,660.00 to finish the home in addition to some additional labor costs. ASMF ¶9. Joslin, in qualifying the statement of fact, admits the contents of the email but denies he is responsible for any additional payments. The email is also known as Joslin Deposition Exhibit 9, which, despite the fact that Statements of Material Facts should not contain legal conclusions, the parties, in SMF ¶15 have attempted to declare inadmissible pursuant to M.R. E., Rule 408. Affidavits and documents supporting Statements of Material Facts must "set forth such facts as would be admissible in evidence..." M.R. Civ. P. 56(e). Settlement negotiations are not admissible as evidence to prove liability and therefore ASMF¶ 9 is not a proper Statement of Material Fact. Additionally, ASMF ¶10, states that in an e-mail dated July 21, 2001, Joslin acknowledged that the parties needed to sing a written change order. Spence notes that this confirms his understanding that the parties would settle extras in a final change order. However, the parties' intent is in dispute and the email appears to be one of many in what was an ongoing settlement discussion and therefore amounts to "evidence of conduct or statements made in compromise negotiations" and is inadmissible pursuant to M.R. E. 408.

6

i.       7/20/01        $2,000.00

TOTAL:          $147,604.13

## Arguments

Joslin claims that the fully integrated, unambiguous contract entitles him to summary judgment. Joslin argues that because there are no written change orders, pursuant to the contract and the Maine Home Construction Contract Act, 10 M.R.S.A. 1486 (the "Act"), the court may only examine the original contract, and must ignore evidence of the numerous changes Spence now requests payment for. He further argues that the existence of a contract precludes recovery under any quasi-contractual theory.

Spence, relying on waiver and estoppel, argues that although there are no express written change orders, a party may orally waive a contractual right and further that non-compliance with the Act does not preclude recovery. Spence further argues that although the existence of a contract may preclude recovery for unjust enrichment, this principle does not permit summary judgment because a fact finder is free to find a contract and damages based on that contract or no contract and damages based on other theories. Spence claims there are questions of material fact relating to the waiver of the contractual provision and the intent of the parties.

## Discussion

Notwithstanding the numerous procedural deficiencies, and considering the notion of judicial economy, the Court will decide the matter on the merits.[8] The Act provides in relevant part that any home construction contract must be fully integrated and contain a change order provision which states, "Any alteration or deviation from the

---

[8] The Court makes no determination as to whether the procedural deficiencies could be fatal to the pending motion.

above contractual specifications that results in a revision of the contract price will be executed only upon the parties entering into a written change order." 10 M.R.S.A. §1487(9). The contract contained such a provision in section I(d) and also indicated in section VII (c) that, "this document constitutes the entire agreement of the parties. No other agreements exist. This Agreement can be modified only by written agreement signed by both parties."

It is well settled that the parol evidence rule works to exclude from judicial consideration contemporaneous or prior extrinsic evidence a party may offer to alter or vary unambiguous contractual language. Rodgers, 2002 ME at ¶9. However, the evidence offered in the present matter relates to a subsequent waiver of a contractual provision and does not seek to alter or vary contractual language. It is equally well settled that the parol evidence rule does not apply in these situations. See Hilton v. Hanson, 62 A. 797, 798 (Me. 1905) (noting that, "Parol proof of the subsequent waiver of any of the stipulations in the written contract or of any right under such contract, is admissible even when such contract is under seal). The Court may consider evidence relating to waiver. Waiver of a contractual provision is a question of fact. Williams v. Ubaldo, 670 A.2d 913, 916 (Me. 1996). The record reveals disputed material facts relating to the waiver of the contractual provision requiring written change orders and therefore summary judgment is inappropriate.[9]

---

[9] Non-compliance with the Act does not in itself preclude recovery. Although the Act requires written change orders, the penalty for violating the Act is a civil forfeiture, a penalty Joslin cannot collect. A violation is prima facie evidence of a violation of the Unfair Trade Practices Act, 5 M.R.S.A. §205-A, et seq, however Joslin has not alleged a violation of the UTPA. The Act does not comment on the enforceability of a contract. The Court notes that it is highly unlikely that the Legislature intended to allow individuals to escape liability for extra work or additional expenses that they themselves requested.

Joslin further argues that Spence cannot proceed with claims other than breach of contract. Joslin cites <u>June Roberts Agency v. Venture Properties</u>, 676 A.2d 46, 49n.1 (Me. 1996) which stated, "We recognize that the existence of a contract precludes recovery on a theory of unjust enrichment because unjust enrichment describes recovery for the value of the benefit retained when there is no contractual relationship..." However, Joslin fails to cite the very next sentence that states, "June Roberts, however, is not precluded from pleading both theories because a fact finder may find that no contract exists and may still award damages on the theory of unjust enrichment." <u>Id</u>.

In order to survive a Defendant's motion for summary judgment the Plaintiff must establish a prima facie case for each element of the cause action the defendant challenges. <u>Mastriano v. Blyer</u>, 2001 ME 134, ¶11, 779 A.2d 951. The Court should grant a defendant's motion for summary judgment if the evidence favoring the plaintiff is insufficient to support a verdict for the plaintiff as a matter of law. <u>Curtis v. Porter</u>, 2001 ME 158, ¶7. If the parties dispute material facts they must resolve the matter through fact-finding, even if the nonmoving party's likelihood of success is small. <u>Id</u>. Courts consider, along with facts the parties establish, any reasonable inferences that a fact-finder could draw from the facts. <u>Id</u> at ¶9 Courts accord the nonmoving party "the full benefit of all favorable inferences that may be drawn". <u>Id</u>.

The record on summary judgment reveals that questions of material fact exist that render summary judgment inappropriate. Spence has alleged that Joslin waived the change order provision and requested numerous changes to the contract and additional work, that they performed the requested changes and additional work, the changes and additional work increased the value of Joslin's home, and that Joslin has not paid for the

9

work in full. The parties' conduct and intent is in dispute and therefore summary judgment is inappropriate.

THE DOCKET ENTRY IS:

Joslin's Motion for Summary Judgment is denied.

The clerk is ordered to incorporate this decision into the docket by reference.

_____
Justice, Superior Court

DATED: 3-6-03