[Civ. No. 1220. Second Appellate District.—December 28, 1912.]

## W. H. A. SHERMAN, Appellant, v. C. W. AYERS and C. E. AYERS, his Wife, Respondents.

SALE OF ELECTRIC ENGINE TO BE INSTALLED—WARRANTY—BREACH—
DEFENSE TO ACTION FOR PURCHASE PRICE—SUPPORT OF FINDINGS.—
Where an electric engine was sold under a contract for its installation, at a total price, with a warranty as to material and workmanship, in an action to recover the purchase price by an assignee of the vendors, the defendant may plead such warranty under the contract, and its breach, and his refusal to accept the work, and that plaintiff's assignors undertook to cure the defects, but wholly failed to do so, and left the engine in a dismantled condition. It is held that findings in favor of such defense are supported by sufficient evidence.

ID.—ACCEPTANCE OF ENGINE UNDER CONTRACT NOT SHOWN—EFFORTS
TO DISCOVER DEFECTS AND POSSIBILITY OF OPERATION.—Notwithstanding a clause in the alleged contract provided that operation of the engine should constitute an acceptance thereof, there was no acceptance thereunder within its meaning, where there was no operation under a performed contract, but the only operation of both parties was to discover existing defects, and determine whether or not the engine could be made to operate.

Id.—OBJECTIONS TO EVIDENCE AS TO CONDITION OF ENGINE—ABSENCE OF PREJUDICIAL ERROR.—There was no prejudicial error in admitting the declarations of servants of plaintiff's assignors sent to repair defects in the engine, that it had been improperly installed, and could not be put in condition; nor in refusing to allow plaintiff to show the value of the plant installed in its uncompleted and imperfect condition, which he was not entitled to recover.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Stutsman & Stutsman, for Appellant.

Henry T. Sale, and Charles del Bondio, for Respondents.

ALLEN, P. J.—In the original complaint it was alleged that plaintiff's assignors undertook the construction and installation of a certain electric engine under and by virtue of a contract with defendant which specified what should be furnished and installed in connection with the engine, the total price for all of which was five hundred and fifty dollars. The contract contained a warranty as to material and workmanship connected with the installation. The complaint alleged that pursuant to the contract there had been installed, as by the contract specified, the engine and its equipment, and that no part of the consideration price had been paid. The answer denied that said engine and equipment had ever been installed as by said contract provided, and alleged that the same was defective in many essential parts and wholly failed to perform the work for which it was intended, and for that reason refused to accept the same; that plaintiff's assignors undertook the work of reconstruction and curing defects, but wholly failed to do so and left the engine in a dismantled condition, with its various parts dispersed about the floor of the building where it is situate, and that defendant had repeatedly requested plaintiff's assignors to remove said plant from the premises because of its inferior character and their failure to carry out the contract. Under these issues theretofore framed the action proceeded to trial on the twenty-third day of March, 1911, before the court, a jury being waived. Thereafter in April an amended complaint

was filed, which set forth various changes in the equipment to be furnished and through which the contract price was increased to $575. This amended complaint, filed after the trial, seems to have been filed by leave of court, presumably that the pleadings might conform to the proof.

The court upon the trial found that the original contract was made as set forth in the complaint, but that the same had thereafter been altered and amended as in the amended complaint declared; that plaintiff's assignors did not furnish and install, in accordance with the written contract or the modification thereof, in a good and workmanlike manner the engine and other equipment; that the same was wholly insufficient for the purposes intended; that plaintiff's assignors after repeated efforts to put the plant in working order, abandoned the installation of the same and took down the machinery and appliances and scattered the various parts about the building and premises; that by reason of their failure to perform the contract they were not entitled to recover judgment. There was a second cause of action about which there seems to be no serious controversy on this appeal, and need not be noticed. After the entry of judgment for costs in favor of defendant, plaintiff moved for a new trial which was denied, from which judgment and the order denying a new trial plaintiff appeals.

The principal points raised upon the appeal relate to the insufficiency of the evidence to support the findings of the court. An examination of the record clearly shows that there was ample testimony adduced upon the trial tending to show that plaintiff's assignors never furnished and installed, as by their contract they were bound to do, the engine and equipment specified; that the equipment furnished and provided was defective and insufficient to perform the offices for which they were intended; that at no time after the same was placed in position did it perform the work which by the guaranty in the contract it was agreed should be performed; that plaintiff's assignors made repeated efforts at defendant's suggestion to try to cure the defects and to change and alter its installation in such a way as to produce favorable results. In this they seem to have wholly failed, and never did carry out the terms of the contract upon which the suit is brought. It is contended by appellant that a clause in the contract provided that operation should constitute acceptance, and

that the use by defendant for a short time of the engine was tantamount to an acceptance. It is true that such contract did provide that operation should constitute acceptance, but it certainly appears that no operation after a complete performance of the contract is shown. On the contrary, the whole of the operation, either by the employees of plaintiff's assignors, or by defendant after they left, was in an effort to procure, if possible, information as to any existing defects, and to determine whether or not the same could be made to operate. The evidence does not disclose such an operation as, under the authorities cited, constitutes an acceptance. The case of *Jackson* v. *Porter Land & Water Co.*, 151 Cal. 32, [90 Pac. 122], relied upon by appellant in support of the proposition that the operation was equivalent to an acceptance, is not an authority under the circumstances of this case. In that case the party had contracted for an engine of certain horse-power; it was installed with lesser horse-power; the purchaser had knowledge of that fact and with such knowledge commenced and continued the operation of the pumping plant during an entire irrigating season, and then for the first time raised the question as to the horse-power which should have been furnished. In the case at bar the defects were apparent, were recognized and the attention of plaintiff's assignors was called to them. The operation was not one, under the circumstances, after completion and was not such as would justify a court in saying that the machinery had ever been operated, or that the attempt at operation was the equivalent of acceptance.

Objections were made to the introduction of certain evidence as to the declarations of servants sent by plaintiff's assignors to repair defects, the effect of which declarations was that the machine had been improperly installed and could not be put in condition. Conceding the error of the court in permitting the introduction of such testimony, nevertheless, the case was tried to the court and evidence is so complete and convincing to the effect that these declarations were true in fact, and that plaintiff's assignors did not comply with the contract, that no prejudicial error could result under the circumstances of the case by reason of the admission of such declarations.

We see nothing in the evidence warranting the contention that the engine was ruined through any act, abuse, or neglect

upon the part of the purchaser.   The action being based upon an express contract, which the court finds was never performed upon the part of plaintiff's assignors, we see no error in refusing to allow plaintiff to show the value of the plant installed in its uncompleted and imperfect condition.   It is true that defendant at the time of the trial still had possession of the parts, scattered about the building, but he had, shortly after discovering that it could not be made to work, and the failure upon the part of plaintiff's assignors to make it work, notified them to remove it.   This they failed to do, and we do not conceive it to be the law that they could recover in this action, under the pleadings, the value of any of these materials or parts so in defendant's possession.   A careful examination of the record satisfies us that the findings of the court have ample support from the evidence, and that the judgment is supported by the findings.

The judgment and order are, therefore, affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 27, 1913.