[Civ. No. 2099.   First Appellate District, Division One.—March 24, 1919.]

## IMPERIAL GAS ENGINE COMPANY (a Corporation), Appellant, v. JOE AUTERI, etc., Respondent.

[1] SALES—PURCHASE OF MACHINERY FOR PARTICULAR PURPOSE—DEFECTS—KNOWLEDGE OF PURCHASER—FAILURE OF CONSIDERATION.— Where machinery is bought for a certain purpose, and after it is received it proves by trial not to be adapted to the purpose, but the purchaser nevertheless retains it, an action for the price cannot be

defeated upon the plea of total failure of consideration, unless the evidence shows that the machinery was wholly valueless for any purpose.

[2] ID.—DUTY OF PURCHASER UNDER EXECUTORY CONTRACT—WAIVER OF DEFECTS.—The purchaser under an executory contract for the sale of personal property is bound to accept the property, provided it conforms to the terms of the contract. Although the property may not be of the quality or description contracted for, he may, nevertheless, if he so elect, waive the defect, and acceptance of the property offered constitutes such a waiver. The duty devolves upon the purchaser to make an examination of the property tendered or delivered for the purpose of determining whether it fills the contract, and if from such examination he finds it does not, he must promptly reject it. This duty of inspection must be exercised within a reasonable time, and what is a reasonable time depends upon the circumstances of each particular case.

[3] ID.—ACTION TO RECOVER BALANCE—FAILURE OF CONSIDERATION AS DEFENSE—CONTRACT NOT FULFILLED.—In this action to recover a given sum alleged to be due as the final payment for a certain gasoline engine, the defendant having set up in his answer failure of consideration, it clearly appeared that the plaintiff never furnished and installed an engine and equipment as required by its contract with defendant, and that the latter's efforts and complaints were directed toward enforcing the proper fulfillment of the contract, and not merely concerning the installation of a magneto as part of the equipment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

I. F. Chapman for Appellant.

Leon E. Prescott for Respondent.

WASTE, P. J.—Plaintiff brought suit against defendant to recover the sum of $335 alleged to be due as the final payment for one 8 horse-power gasoline engine, which plaintiff had installed in defendant's boat. Defendant had judgment and plaintiff appeals.

Defendant, who is a fisherman by trade, desired to purchase a gasoline engine for a boat used in his business. He negotiated with plaintiff and a contract was made for the sale

by plaintiff and purchase by defendant of "One 8 H. P. (actual brake test) Imperial S/C gasoline engine," together with certain equipment. By the terms of the contract the engine was "guaranteed against defective material and workmanship for the period of one year." The terms of the sale were, $25 on placing of the order, two hundred dollars within three days from date of the contract, and the balance of $335 "on successful trial trip." Defendant made the first two payments as required by the contract and the engine was installed by plaintiff in the boat.

During the negotiation leading to the making of the contract, the question arose concerning a suitable magneto as part of the equipment and its cost. The written contract merely specified a "magneto," without further description.

After the engine was installed in the boat it was given a trial trip lasting one hour and a half. It had been previously tested in the shops of the plaintiff. Defendant did not make the final payment due under the contract. After various offers looking to a settlement of the matter, including a proposal on the part of defendant to pay a sum of money, less than the balance due, and to allow plaintiff to take back the engine and all of its parts, defendant, in writing, rescinded the contract and offered to return to plaintiff company all the property delivered by it to defendant, and demanded return to him of the $225 paid on account of the contract. Plaintiff brought this action.

Defendant first set up in his answer failure of consideration of the contract, by reason of plaintiff's not having delivered a magneto of the value of $65. He alleged that the magneto actually installed with the engine was second-hand and of the value of about $3.50 and no more. Before the trial he amended his answer, setting out that the engine, pump and other accessories were defectively and improperly made, and of defective and inferior material, and that they were not usable, were of no value, and that thereby he was damaged in a sum in excess of the amount claimed by plaintiff.

Plaintiff's witnesses testified that the trial trip was satisfactory and that defendant was pleased with it and did not make any objection; that the engine was properly installed and "so far as they knew, the engine was in first-class running order and condition."

Defendant testified that on the day the boat was launched he informed plaintiff that the engine was defective. It stopped running the next day. After two or three days the pump leaked, water was thrown all over the engine and on the igniter, which caused the engine to frequently stop, leaving defendant on one occasion in a perilous position at sea. Defendant also testified that he made many and almost continuous complaints to plaintiff about the condition of the engine.

There is a conflict of testimony concerning the nature of these complaints. Plaintiff's witnesses testified that the contention between the parties was concerning the installation of the magneto as part of the equipment, and not over the improper installation of, workmanship, or materials in the engine. The president of the plaintiff company, however, testified when asked if there ever had been any demand made by defendant on the firm to repair the engine, that he "thought something of that kind occurred." The vice-president and secretary of the plaintiff company testified that he had "not seen the engine since it left the shop, but we have had lots of complaints from Mr. Auteri in the last six months or so." Correspondence passing between the attorneys of the respective parties does indicate that the question of the magneto entered largely into the complaints, it appearing that the one installed was a second-hand magneto, apparently taken from an automobile, whereas defendant claimed that he was to have been furnished a new one. It sufficiently appears, however, from all the testimony, including the correspondence, that, from the first trial of the engine in the boat, defendant informed plaintiff that it was defective and not suitable for any purpose.

A number of experts, and several fishermen, who were familiar with gasoline engines and the use which defendant made of his boat, testified, as a result of their examination and knowledge, concerning the defects of the engine installed therein. The substance of their testimony was that the pump on the engine was set out of line. The material in it was defective, which caused the bearings to wear, resulting in the leak hereinbefore referred to. Water fell on the flywheel and was thrown on the engine in the crank-pit. It was liable to get on the igniter and cause the engine to stop. The pump knocked. The reverse gear handle was loose. The babbits were loose in the main bearing on the crank shaft. The mechanical experts testified that these defects would not

manifest themselves in the time consumed by the so-called trial trip, but would show as soon as the parts commenced to wear. The experts also testified that these defects made it impossible, and dangerous, to use the engine for the purpose required by defendant, and that it was not a workable or usable engine.

The court found that the engine pump and accessories were defective in make, materials, and workmanship, and would not work, and that defendant was thereby prevented from using his boat for fishing and was damaged as alleged in the answer.

[1] Plaintiff's principal contention upon this appeal is that defendant could not retain the engine after a knowledge of the defects and defeat the action for the purchase price upon the plea of failure of consideration, and in support thereof cites the following: "Where machinery is bought for a certain purpose, and after its reception, it proves by trial not to be adapted to the purpose, but the purchaser nevertheless retains it, an action for the price cannot be defeated upon the plea of total failure of consideration, unless the evidence shows that the machinery was wholly valueless for any purpose." (*Hardee* v. *Carter*, 94 Ga. 482, [19 S. E. 715].)

This is, no doubt, a correct statement of the law, but we think the testimony was sufficient to support the finding of the trial court, the substance of which was that the engine was so defective as to be wholly valueless for any purpose. Appellant contends that there was an unreasonable delay on the part of defendant in the premises; that his use of the engine for a period of more than two months, during which period he knew of its defects, operated as an election to accept the engine and precluded him from claiming that it was not of the character provided in the contract.

[2] "The rule is elementary as to the respective rights of the parties under an executory contract for the sale of personal property. As to the purchaser he is bound to accept the property, provided it conforms to the terms of the contract, or, if not according to the contract, he may reject or refuse to accept it. Although the property may not be of the quality or description contracted for, he may nevertheless, if he so elect, waive the defect, and acceptance of the property offered constitutes such a waiver. When personal property is tendered or delivered to a purchaser in fulfillment of a contract for the purchase thereof, the duty devolves upon

him to make an examination of the property tendered or delivered for the purpose of determining whether it fills the contract, and if from such examination he finds it does not, he must promptly reject it. This duty of inspection for the purpose of determining whether the property complies with the contract must be exercised within a reasonable time, and what is a reasonable time depends upon the circumstances of each particular case." (*Jackson* v. *Porter Land & Water Co.*, 151 Cal. 39, [90 Pac. 125].)

[3] From the record in this case it clearly appears that plaintiff never furnished and installed an engine and equipment as required by the contract with defendant, and that defendant's efforts were directed toward enforcing the proper fulfillment of the agreement. Without again referring to the testimony in the case at bar, we are of the opinion that every point made by appellant, in support of its appeal, must be decided adversely to it, on the authority of *Sherman* v. *Ayers*, 20 Cal. App. 733, [130 Pac. 163], which was in many ways identical with the case presented here.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.