[S. F. No. 13463. In Bank.—July 30, 1931.]

ADVANCE RUMELY THRESHER COMPANY, INC., (a Corporation), Appellant, v. GEORGE W. McCOY, Respondent.

B. W. Gearhart and Lindsay & Gearhart for Appellant.

F. W. Docker for Respondent.

THE COURT.—This is an appeal from a judgment in favor of the defendant on his cross-complaint in an action to recover on two promissory notes given to secure payment of the purchase price of two 16-foot cut Hillside combined harvesters delivered to the defendant by the plaintiff. The defendant by answer denied the indebtedness and by cross-complaint sought to have the notes canceled on the ground of fraud and deception, alleged a cause of action based on breach of warranty, and prayed for a judgment of rescission and damages.

The defendant is the owner of a large acreage of farm land near Helm in Fresno County, on which is raised principally wheat and barley. During March, 1927, the local agents of the plaintiff, which has its factory and principal office at La Porte, Indiana, opened negotiations with J. E. O'Neill, the defendant's representative at Helm, for the sale to the defendant of Rumely harvesters. After the plaintiff's agents had looked over the defendant's acreage and after further conferences, on March 28, 1927, the defendant signed a printed order for two harvesters of the type described. In the printed form of order, signed by the defendant, there was inserted the sentence: "These machines are guaranteed to give complete and efficient service under existing conditions in this locality." The order contained the further provisions that the machinery is warranted to be

well made and of good material, and with proper use capable of doing as good work as any other machine of the same kind, size and rated capacity, working under like conditions; that the machines are guaranteed against all defects in material or workmanship and such defects shall be repaired free of charge for the year 1927, and that the vendor will carry adequate supply of repair parts with the dealer. There was also the provision that the ''purchaser shall not be entitled to rely upon any breach of above warranty or to rescind this contract or to any claim or set-off against the vendor because of any breach, unless: (a) Notice of the defect or breach, particularly describing the same and specifying the time of discovery thereof, is given by registered letter addressed to vendor at its head office, posted within four days after such discovery; (b) such defect appears within ten (10) days after the first use of the goods; (c) the vendor fails to remedy such defect or breach by substitution of parts or otherwise within a reasonable time after receipt of such notice, which substitution it shall have the right to make. Purchaser shall render necessary and friendly assistance to vendor in and about remedying the defect. If vendor fails to remedy the defect purchaser shall have the right immediately to return the defective goods or parts in as good condition as where received by him to the place from which they were received and shall thereafter give vendor immediate written notice of such return by a registered letter addressed and mailed to vendor at its head office.'' The contract also contained the provision that there are no representations, warranties or conditions, express or implied, statutory or otherwise, except those contained in the written agreement.

This order was sent to the plaintiff's principal office, but was rejected by the plaintiff's agents in Indiana because of the inclusion therein of the sentence warranting complete and efficient service under existing conditions in the locality. The evidence is not disputed that the terrain in the locality was extremely rough and uneven, but this fact is not shown to have been known to the plaintiff's agents in Indiana. Although no Rumely harvester had ever been used by anyone in the vicinity of Helm and on terrain of the character existing there, nevertheless the plaintiff's local agents at Helm represented that the Rumely harvester, while under

the existing conditions would be put to an extreme test, would do the work efficiently.

After further consultation with the plaintiff's local agents, at which the defendant and his agents with the exception of of his representative O'Neill were present, and on April 16, 1927, the defendant signed the following certificate which was added to the previously signed offer: "This is to certify that the sentence 'These machines are guaranteed to give complete and efficient service under existing conditions in this locality', is hereby accepted as null and void and having no part in the contract of March 28th, 1927, between the Rumely Thresher Company and George W. McCoy, Los Angeles, California, for the purchase of two 16 foot Cut Combine Harvesters, Hillside Type. It is understood that this in no way modifies nor changes the rest of the contract as written."

Pursuant to the contract as finally executed the harvesters were delivered at the railroad station at Helm on May 5th, 1927, and on May 6th the defendant executed and delivered the notes in suit. One of the harvesters was immediately taken to Mendota, a distance of about 20 miles, where operations were commenced to cut the grain on 500 acres there owned by the defendant. The harvester developed defects, began immediately to give trouble, breakdowns occurred and the machine was continuously laid upon for repairs. It also appears that parts could not be obtained from the local dealer, that some parts were taken from the harvester standing at Helm and others had to be procured elsewhere. About May 27, 1927, the defendant by telegram and registered letter notified the plaintiff at its head office in Indiana that the harvesters were not capable of doing the work as represented or warranted nor as agreed by its representatives and that he elected to rescind the contract and return the machines, to which no reply was made or received. Subsequently the plaintiff's agents made repeated unsuccessful attempts by reconstruction and repairs to put the harvester into satisfactory working condition. On June 9th C. C. Clark, the plaintiff's local dealer, telegraphed to the plaintiff at La Porte as follows:

"McCoy Farms machines apparently not able to work without continual breakdowns during past three weeks stop Has been necessary to keep one machine laid up practically

all time in order to furnish parts keep other running stop Sufficient supply parts have not been furnished stop. First service man not satisfactory second man furnished satisfactory but taken away and for more than week no company man on job stop Parts broken and ordered from San Francisco more than week ago not yet received stop Lost sale of third machine to Holt account lack service stop McCoy willing cooperate if machines can be made do satisfactory work at once willing carry out contract stop Under circumstances failure on part your company fulfill contract will mean loss of sale through no fault mine therefore will expect collect my commission stop Failure on your part acknowledge McCoy telegram or letter and further failure on part of San Francisco office give immediate relief very unbusinesslike answer wire Helm

"C. C. CLARK."

In the meantime both harvesters had been moved to the Helm ranch and thereafter two days were spent in an attempt to put them into serviceable condition, at the completion of which the plaintiff's agent stated to O'Neill that he was sure the harvesters would now do the work, and requested payment of the first note, then past due, to which O'Neill replied that, as the machines had given so much trouble, he desired first to try them for another week. The evidence is that the machines again immediately continued to break down and on June 25, 1927, the defendant sent the following telegram to the plaintiff:

"Referring to our conversation when in our office last, regret to advise your two combine harvesters continue to give much trouble during past week. Machines laid up for repairs more than half time. Have not harvested more than fifty acres with each machine during past week. Under circumstances we positively cannot accept. Suggest you advise if you desire continue use of machines with view of getting adjusted to do satisfactory work, which we do not now believe possible—or should we discontinue using same.

"McCoy FARMS."

No response was received to this telegram. The defendant purchased another harvester of a different make but similar in kind, size and rated capacity as the Rumely, which was placed in operation in the fields in which the Rumely harvesters were attempted to be kept in operation.

It clearly appears from the record that the third harvester gave efficient and satisfactory service under the same conditions under which the Rumely harvesters continued to break down. The Rumely harvesters were kept in the fields until after the commencement of the action but attempts to operate them were abandoned before the end of the harvesting season and the third machine was used to complete the harvesting of the crop.

On July 7th the present action was brought to recover on the promissory notes which represented the purchase price of the two Rumely harvesters. After a trial on the issues framed by the pleadings the court found the facts in substance as hereinbefore stated and upon which it concluded that the plaintiff had breached its agreement to furnish all necessary repairs free of charge and keep on hand an adequate supply of repair parts with the local dealer; also its warranty that said machines were capable with proper use of doing as good work as any other machine of the same kind, size and rated capacity working under like conditions. The court further found that the plaintiff attempted to remedy the defects in said harvesters, but failed to do so within a reasonable time after notice or at all. The court also found in favor of the defendant on the issues of fraud and deception, and rendered judgment accordingly.

The contentions made on this appeal are that the evidence does not support the findings, that the findings are inconsistent and do not support the judgment. The main portion of the briefs of the plaintiff is devoted to its contention that the evidence does not support the findings of fraud and deception either in the inception of the contract or in inducing the defendant to execute the certificate appended to the original offer. It may be held for the purposes of this case that the evidence is insufficient to support the findings of deception and fraud in respect to both of these phases. But this holding does not require or justify a reversal.

The basis of the claim that the findings are inconsistent on the issue of breach of warranty and do not support the judgment is the contention that the finding that the defendant elected to rescind is directly in conflict with the finding that the plaintiff breached its contract to furnish free repair work and to keep on hand sufficient repair

parts. The argument is that the latter finding infers a finding that the defendant elected to keep the harvesters and avail himself of the privilege offered by the agreement to furnish the repair work and parts; therefore that the inconsistent findings that the defendant elected to rescind the contract and that he elected to retain the harvesters and perform the contract cannot support a judgment of rescission and cancellation. The finding that the plaintiff breached its warranty to furnish repairs and to keep on hand an adequate supply of repair parts cannot as a matter of law be said to be equivalent to a finding that the defendant elected to retain the harvesters in the face of the express finding that the defendant did elect to rescind. The findings are therefore not fatally inconsistent. Both may be true and the defendant be entitled to the rescission, if under the authorities and upon a proper construction of the contract he would be entitled to rescind for breach of warranty.

■ It is contended that there is not sufficient evidence in the record to support the finding on the only remaining issue of breach of warranty entitling the defendant to a judgment of rescission because the only conclusion which can reasonably be drawn from the evidence is that the defendant did in fact, by continuous possession of the harvesters to the time of the commencement of the present action, waive his right to rescind for breach of that warranty, and that the only cause of action, if any, left to him was the right to recover for damages for breach of the agreement to furnish repair work and keep on hand an adequate supply of parts. The answer to this contention is that the record clearly shows that the continued attempts after repeated breakdowns to place the harvesters in condition to perform the work for which they were designed either were at the instance of the plaintiff's agents or were with the combined efforts of the plaintiff and the co-operation of the defendant as required by the terms of the contract. It has been held that retention at the instance of the vendor for the purpose of giving the seller or his agent an opportunity to remedy defects does not operate as a waiver of the benefits of the warranty (*Williams* v. *Bullock Tractor Co.*, 186 Cal. 32 [198 Pac. 780]; *Ventura Mfg. etc. Co.* v. *Warfield,* 37 Cal. App. 147 [174 Pac. 382]; *Lichtenthaler*

v. *Samson Iron Works*, 32 Cal. App. 220 [162 Pac. 441]; *Sherman* v. *Ayers*, 20 Cal. App. 733 [130 Pac. 163]; *Luitweiler etc. Co.* v. *Ukiah etc. Co.*, 16 Cal. App. 198 [116 Pac. 707, 712]), and the terms of the contract indicate a recognition of that well-established rule of law, and the same was incorporated in the contract we may assume for the plaintiff's own benefit and protection. The record establishes that each time the defendant gave notice to the plaintiff that he refused to accept the harvesters because of breakdowns and defects, the agents of the seller attempted to reconstruct and repair the machines in an endeavor to put them in a satisfactory condition so as to obtain an acceptance by the defendant. We cannot say on the record that the trial court was not justified under the authorities cited and under the terms of the contract in concluding that the evidence did not disclose such operation of the harvesters by the defendant as would constitute an acceptance.

We are of the opinion that the record supports a finding of a breach of the warranty contained in the written contract and that the opportunity given by the defendant to the plaintiff or its agents to remedy the defects in the harvesters did not constitute a waiver of the defendant's right to rescind. The findings on that issue are supported by the evidence and in turn support the judgment.

Judgment affirmed.

Rehearing denied.